**STATE of Iowa, Plaintiff–Appellee,**

v.

**Brett Byard ARMSTRONG, Defendant–Appellant.**

No. 09–0972.

Court of Appeals of Iowa.

June 30, 2010.

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, Darin J. Raymond, County Attorney, and Amy K. Oetken, Assistant County Attorney, for appellee.

Heard by VOGEL, P.J., and POTTERFIELD and DANILSON, JJ. TABOR, J., takes no part.

POTTERFIELD, J.

## I. Background Facts and Proceedings

On May 11, 2008, Mark Reed of the Le Mars Police Department responded to a complaint of loud noise and possible underage drinking. Reed arrived at an apartment complex and began checking identifications to determine whether its occupants were of legal age to consume alcohol. Brett Armstrong (Armstrong) identified himself to Reed as Jeremy Armstrong (Brett's brother) and provided Jeremy's date of birth and social security number. He did not provide any identification documents. Reed ran the information, determined there was an outstanding warrant for Jeremy Armstrong, and arrested the defendant.

After being transported to the Plymouth County Jail, Armstrong continued to identify himself as Jeremy Armstrong, including signing the form for his property as Jeremy Armstrong. Reed became suspicious of the defendant's claim to be Jeremy, and after obtaining additional information and seeing photos of both Brett and Jeremy Armstrong, Reed ascertained that the defendant was actually Brett Armstrong. Reed also learned that there was

an outstanding arrest warrant for Brett Armstrong in Woodbury County. Armstrong admitted to giving Reed the wrong information and stated that his brother was not aware that there was an outstanding warrant for his arrest. Reed then arrested Armstrong under the warrant in his name.

On June 2, 2008, the State charged Armstrong with identity theft in violation of Iowa Code section 715A.8 (2007). After a bench trial, the district court found Armstrong guilty. Armstrong now appeals, arguing: (1) the State did not present sufficient evidence to prove that he was guilty of identity theft; and (2) his counsel was ineffective for failing to argue that Iowa Code section 715A.8 was unconstitutionally vague and overbroad.

## II. Sufficiency of the Evidence

█ The State argues this issue was not presented to the district court and is therefore not preserved for appeal. Armstrong filed a written motion for judgment of acquittal raising the issue of sufficiency of the evidence, including sufficiency of the evidence on the value of the benefit obtained as a result of the use of false identification information. We find that this issue was raised before and decided by the district court. Further, because this matter was tried to the district court, Armstrong was not required to make a motion for judgment of acquittal in order to challenge the sufficiency of the evidence on appeal. *State v. Abbas*, 561 N.W.2d 72, 74 (Iowa 1997).

█ We review issues of statutory interpretation and application for errors of law. Iowa R.App. P. 6.907; *State v. Morris*, 416 N.W.2d 688, 689 (Iowa 1987). We review challenges to the sufficiency of the

evidence for errors at law. *State v. Atkinson*, 620 N.W.2d 1, 3 (Iowa 2000). The State bears the burden of proving every element of the crime with which Armstrong is charged. *State v. Cashen*, 666 N.W.2d 566, 569 (Iowa 2003). We uphold a finding of guilt if substantial evidence supports the verdict. *Id.* Substantial evidence is evidence upon which a rational fact finder could find a defendant guilty beyond a reasonable doubt. *Id.* We consider all record evidence, not just the evidence supporting guilt, when making sufficiency of the evidence determinations. *State v. Quinn*, 691 N.W.2d 403, 407 (Iowa 2005). We review the facts in the light most favorable to the State, including legitimate inferences and presumptions that may reasonably be deduced from the evidence in the record. *Cashen*, 666 N.W.2d at 569. "The evidence must raise a fair inference of guilt and do more than create speculation, suspicion, or conjecture." *Id.*

█ Armstrong argues that he should not have been charged or convicted under Iowa Code section 715A.8(2) since he did not intend to obtain a financial benefit from his use of a false name.[1] Section 715A.8(2) provides: "A person commits the offense of identity theft if the person fraudulently uses or attempts to fraudulently use identification information of another person, with the intent to obtain credit, property, services, or other benefit." Section 715A.8(1)(a) provides: "For purposes of this section, '*identification information*' includes, but is not limited to, the name, . . . date of birth, . . . [or] social security number . . . of a person." We disagree with Armstrong's argument that section 715A.8(2) applies only when someone fraudulently uses another's identification information to obtain a *financial* benefit.

---

1. Armstrong did not move for a bill of particulars before trial to raise his challenge to the elements of the offense with which he was charged. *See* Iowa R.Crim. P. 2.11(6).

In 2003, the legislature amended section 715A.8. The legislative fiscal bureau issued a fiscal note accompanying the bill stating that the bill "expand[ed] the definition [of identity theft] to include the intent to obtain any benefit from the identity theft." H.F. 170 Fiscal Note, 80th Gen. Assemb., (Iowa 2003). After receiving the fiscal note, the house and senate passed the bill. We assume that in passing the bill, the legislature considered the fiscal note and its assumptions. *See State v. Dohlman,* 725 N.W.2d 428, 432 (Iowa 2006). This indicates a legislative intent that "benefit" as used in section 715A.8 include "any benefit."

In *Okoboji Camp Owners Coop. v. Carlson,* 578 N.W.2d 652, 654 (Iowa 1998), the Iowa Supreme Court provided the following definition of "benefit":

> A person confers a benefit upon another if he gives to the other possession of or some other interest in money, land, chattels, or choses in action, performs services beneficial to or at the request of the other, satisfies a debt or a duty of the other, or in any way adds to the other's security or advantage. He confers a benefit not only where he adds to the property of another, but also where he saves the other from expense or loss. The word "benefit," therefore, denotes any form of advantage.

We assume the legislature knew of prior judicial interpretations of the term "benefit" and that its use of the term was in the accepted judicially established context unless there is clear evidence to the contrary. *Jahnke v. Inc. City of Des Moines,* 191 N.W.2d 780, 787 (Iowa 1971).

When we apply the definition of "benefit" found in case law and the legislative note accompanying the amendment of section 715A.8, it is clear that this section does not require a financial advantage, but rather "any form of advantage." Armstrong gave the officer his brother's name, date of birth, and social security number in order to avoid being arrested under the outstanding warrant in his own name. Certainly, avoiding arrest is an advantage and a benefit. This finding is consistent with the common and generally accepted meaning of "benefit," which is not restricted to financial gain.

■ "When a statute is plain and its meaning clear, courts are not permitted to search for meaning beyond its express terms." *State v. Iowa Dist. Ct.,* 620 N.W.2d 271, 273 (Iowa 2000). The meaning of this statute is plain and unambiguous and therefore we do not resort to the rules of statutory construction. The statute clearly states that one commits the crime of identity theft by fraudulently using another's identification information with the intent to obtain "other benefit." If the legislature had intended to include only financial benefits, it would have used the word "financial" in this statute. We decline to search for a meaning for this statute other than the plain meaning unambiguously conveyed by its express terms. Because Armstrong used his brother's identification information in an attempt to receive the benefit of avoiding arrest on an outstanding warrant, we conclude the State presented substantial evidence to support the district court's verdict that Armstrong is guilty of identity theft.

■ However, we are troubled by the absence in the statute of a means to determine the level of offense when the charge is that the defendant obtained an "other benefit," the value of which is not readily ascertainable or proven. *See* Iowa Code § 715A.8(3).[2] The district court here was

---

2. Section 715A.8(3) provides two different

levels of offense depending on whether the

not presented with any evidence as to value and made no such finding. Where a statute declares conduct to be a crime "but no other designation is given, such act shall be a simple misdemeanor." Iowa Code § 701.8. Without proof of value beyond a reasonable doubt, the fraudulent obtaining of a benefit by the use of another's identity must be a simple misdemeanor.[3] The district court's designation of the crime as an aggravated misdemeanor is not supported by substantial evidence in this record. We remand to the district court for a finding of the level of the offense and, if necessary, re-sentencing.

### III. Ineffective Assistance of Counsel

Armstrong argues that his counsel was ineffective for failing to argue that section 715A.8 is unconstitutionally vague and overbroad facially and as applied to his case.[4] Specifically, Armstrong urges that the term "benefit" as used in the statute violates the First and Fourteenth Amendments of the United States Constitution and article I, section 9 of the Iowa Constitution.

■ We review ineffective-assistance-of-counsel claims de novo. *Ledezma v. State,* 626 N.W.2d 134, 141 (Iowa 2001). To prevail, Armstrong must demonstrate: (1) his counsel failed to perform an essential duty and (2) prejudice resulted. *State v. Buck,* 510 N.W.2d 850, 853 (Iowa 1994).

To establish the first prong, Armstrong "must overcome the presumption that counsel was competent and show that counsel's performance was not within the range of normal competency." *Id.* To establish the second prong, Armstrong must show counsel's failure worked to his actual and substantial disadvantage so that a reasonable probability exists that but for counsel's error the result of the proceeding would have differed. *Id.* Armstrong must prove both elements by a preponderance of the evidence. *Ledezma,* 626 N.W.2d at 142.

### A. Overbreadth

■ A statute is unconstitutionally overbroad if "it attempts to achieve a governmental purpose to control or prevent activities constitutionally subject to state regulation by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms." *City of Maquoketa v. Russell,* 484 N.W.2d 179, 181 (Iowa 1992). Overbreadth analysis is confined to the alleged denial of First Amendment rights. *Id.* Though Armstrong attempts to show how section 715A.8 is overbroad, "he fails to adequately explain what First Amendment right is violated, or at the very least, to make a First Amendment connection." *State v. Reed,* 618 N.W.2d 327, 331 (Iowa 2000) (finding appellant's

"value of the credit, property, or services" exceeds $1,000 or does not exceed $1,000. There is no provision for the level of offense when the defendant allegedly obtains or attempts to obtain an "other benefit."

**3.** The Iowa legislature recently passed a bill to enact a new statute, effective July 1, 2010, that more nearly describes the conduct alleged here. This new section will be codified at Iowa Code section 719.1A and provides that a person who knowingly provides false identification information to a peace officer commits a simple misdemeanor. *See* 3 Iowa Legis. Serv. 96 at 392 (West 2010). In addi-

tion, Iowa Code section 718.6(1) provides that a person who reports false information to a law enforcement authority commits a simple misdemeanor. Iowa Code section 718.6(3) states that a person commits a misdemeanor by knowingly providing false information to a law enforcement officer who enters that information on a citation.

**4.** Counsel conceded during oral argument the inapplicability of the First Amendment to this statute, but we address the briefed argument in the following paragraphs.

overbreadth argument waived for failure to allege a denial of First Amendment rights). We therefore consider Armstrong's overbreadth argument waived.

### B. Vagueness

To survive a vagueness claim, the statute must define the criminal offense with "sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *State v. Millsap,* 704 N.W.2d 426, 436 (Iowa 2005). "Statutory terms meet this constitutional test if their meaning 'is fairly ascertainable by reference to similar statutes, prior judicial determinations, reference to the dictionary, or if the questioned words have a common and generally accepted meaning.'" *Id.* (quoting *State v. Aldrich,* 231 N.W.2d 890, 894 (Iowa 1975)). We presume the statute is constitutional and "give it any reasonable construction necessary to uphold it." *Id.*

"If the statute is constitutional as applied to the defendant, the defendant lacks standing to make a facial challenge to the statute unless a recognized exception applies." *Reed,* 618 N.W.2d at 332.

"[A] facial challenge is permitted if a statute reaches 'a substantial amount' of protected conduct." *State v. Hunter,* 550 N.W.2d 460, 464 (Iowa 1996), *overruled on other grounds by State v. Robinson,* 618 N.W.2d 306 (Iowa 2000). Here, as the State correctly notes, Armstrong does not contend that Iowa Code section 715A.8 reaches any protected conduct under the First Amendment. We therefore analyze this issue on an "as applied" basis only. *See Reed,* 618 N.W.2d at 332.

Armstrong's conduct constituted an attempt to obtain a benefit in violation of section 715A.8. This statute gave fair warning of prohibited conduct and was not vague as applied to Armstrong. Because the statute was not vague as applied to Armstrong, his counsel had no duty to raise a vagueness challenge to the statute.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**