# IN THE COURT OF APPEALS OF IOWA

No. 16-1335
Filed August 16, 2017

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**DENNIS LEE KORF,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, William A. Price, District Associate Judge.

Dennis Lee Korf appeals from his conviction for operating while intoxicated. **AFFIRMED.**

Nathan A. Mundy of Downey & Mundy, P.L.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**DANILSON, Chief Judge.**

Dennis Lee Korf appeals from his conviction for operating while intoxicated (OWI), a serious misdemeanor, in violation of Iowa Code section 321J.2 (2015). Korf contends trial counsel rendered ineffective assistance in failing to object to portions of an officer's testimony and asserts there is insufficient evidence supporting his conviction. We conclude the record is inadequate to address the ineffective-assistance claims on direct appeal and preserve those claims for possible postconviction-relief proceedings. We also find there is substantial evidence supporting the conviction and affirm.

This matter arose on August 23, 2015, when Korf made a left turn on his motorcycle in an intersection near the state fairgrounds against the orders of officers directing traffic and despite a sign clearly reading "no left turn." Officers pursued and pulled over Korf, who struggled to produce his license, registration, and proof of insurance. While searching for those items, Korf seemed confused, and the officers had to remind him what he was looking for. Officers noticed Korf smelled of an alcoholic beverage and had slurred and stuttered speech. Officer Jon Dallman was called to the scene to investigate for a possible OWI. Officer Dallman noticed Korf had bloodshot and watery eyes. Korf told Officer Dallman he had consumed two beers. Korf was placed under arrest for failure to have a motorcycle license and taken to the police station for further OWI investigation.

Officer Dallman first performed the horizontal gaze nystagmus test, and Korf scored four out of six "clues," indicating he was impaired. Officer Dallman attempted to administer a preliminary breath test, but he had to mark the test as a refusal after Korf's attempts to deceive the test. Officer Dallman then read Korf

the implied consent advisory and administered a Datamaster breath test. Officer Dallman testified Korf attempted to deceive the Datamaster test on the first try, but he successfully obtained a result on Korf's second attempt. Korf's blood alcohol content was .025.

Although Korf's blood alcohol content was under the legal limit, due to the results of the horizontal gaze nystagmus test and because Korf had constricted pupils, Officer Dallman suspected Korf was impaired by the combined use of alcohol and other drugs. Korf refused to provide a urine sample. Officer Dallman performed a drug recognition evaluation and determined Korf was likely under the influence of alcohol and narcotic analgesics based on his observation that Korf smelled of an alcoholic beverage; had bloodshot and watery eyes, low body temperature, pupil size below the average range, and eyelid tremors; and scored four out of six on the horizontal gaze nystagmus test. Officer Dallman explained narcotic analgesics were the only substance that would cause constricted pupils like he had observed on Korf. Korf admitted to Officer Dallman he had taken tramadol and that he had "doubled up." Officer Dallman testified tramadol would be categorized as a narcotic analgesic.

The jury trial concluded on June 24, 2016, and the jury found Korf guilty of operating a motor vehicle while under the influence of a combination of alcohol and another drug. Korf now appeals.

Korf first contends trial counsel was ineffective in failing to object to Officer Dallman's testimony as to (1) the penalty for refusing to take a Datamaster breath test and (2) Korf's attempts to deceive the Datamaster breath test.

We review ineffective-assistance-of-counsel claims de novo. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). To establish a claim of ineffective assistance, Korf must show trial counsel failed to perform an essential duty and prejudice resulted. *Id.* at 495. "We will resolve the claims on direct appeal only when the record is adequate." *Id.* at 494. "[W]e rarely address ineffective-assistance claims on direct appeal and instead preserve such claims for postconviction relief." *State v. Ondayog*, 722 N.W.2d 778, 786 (Iowa 2006).

We find the record is insufficient to resolve the ineffective-assistance claims on direct appeal. There is nothing in the record that enables us to discern trial counsel's possible strategy in failing to object to the portions of testimony in question. We therefore preserve Korf's ineffective-assistance claims for possible postconviction-relief proceedings.[1] *See id.* ("Because '[i]mprovident trial strategy, miscalculated tactics, and mistakes in judgment do not necessarily amount to ineffective assistance of counsel,' postconviction proceedings are often necessary to discern the difference between improvident trial strategy and ineffective assistance." (alteration in original) (citation omitted)).

Korf also contends there is insufficient evidence to establish he was intoxicated at the time of the offense. We review sufficiency-of-the-evidence claims for correction of errors at law. *State v. Armstrong*, 787 N.W.2d 472, 475 (Iowa Ct. App. 2010).

---

[1] We note that even if trial counsel should have objected to Officer Dallman's testimony about the ramifications of refusing the Datamaster breath test, Korf would still have to establish prejudice. Here, the implied consent advisory was admitted into evidence and provides the same information as Officer Dallman's testimony. However, we cannot resolve the ineffective-assistance claims on appeal, and Korf must bring both of his claims in a PCR action because at least one claim requires further development of the record and we cannot determine "the alleged errors, cumulatively, do not amount to . . . prejudice." *Clay*, 824 N.W.2d at 502.

> We uphold a finding of guilt if substantial evidence supports the verdict. Substantial evidence is evidence upon which a rational fact finder could find a defendant guilty beyond a reasonable doubt. . . . We review the facts in the light most favorable to the State, including legitimate inferences and presumptions that may reasonably be deduced from the evidence in the record.

*Id.* (internal citations omitted).

Korf drove contrary to officers' orders and signage. Upon being stopped, Korf appeared confused while gathering the requested documents and exhibited indicia of being under the influence of alcohol and drugs. Korf admitted doubling up on his use of tramadol. Upon our review of the record, and based on the facts as recited above, we conclude there is substantial evidence supporting Korf's conviction for operating a motor vehicle while under the influence of alcohol and another drug.

Therefore, on Korf's sufficiency-of-the-evidence claim, we affirm. We preserve the claims of ineffective assistance of trial counsel for possible postconviction-relief proceedings.

**AFFIRMED.**