# IN THE COURT OF APPEALS OF IOWA

No. 18-0635
Filed March 6, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KEVIN WILLIE McGEE, JR,**
        Defendant-Appellant.
_____


Appeal from the Iowa District Court for Dallas County, Randy V. Hefner, Judge.


Kevin McGee Jr. challenges the sufficiency of the evidence underlying his criminal convictions.  **AFFIRMED.**


Mark C. Smith, State Appellate Defender, and Brenda J. Gohr, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.


Considered by Doyle, P.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

A jury convicted Kevin McGee Jr. of third-degree sexual abuse and possession of a firearm as a felon. The jury also made a conclusion sufficient for application of the minimum sentence contained in Iowa Code section 902.7 (2017)—that McGee represented he had a firearm at the time he committed the crime of sexual abuse. On appeal, McGee challenges the sufficiency of the evidence as to the possession charge and the jury's finding that he represented he had a firearm when he committed sexual abuse.

I. **Background Facts and Proceedings**

Upon the evidence presented at trial, a rational jury could make the following factual findings. On July 20, 2017, A.H. was hanging out with her friend, E.R., when McGee messaged her through social media and asked if she wanted to go hang out at a hotel. Although she had never met McGee before, A.H. responded in the affirmative. McGee picked up the girls and drove them to a hotel in West Des Moines. When they arrived, McGee did not have a key to the hotel room. They located McGee's cousin, D.C., but he did not have a key either. McGee paid E.R. to climb over a fence and enter the room through a window. After doing so, E.R. let A.H. and McGee in, and the three of them hung out in the hotel room. The girls sat on the bed closest to the window, and McGee sat on the counter. Also sitting on the counter near McGee was, among other things, a handgun. McGee was a convicted felon at this time.

At some point, D.C. entered the room and starting "dry humping" the girls but eventually stopped. After this episode, D.C. left, and McGee and the girls decided to go to a gas station. Before leaving for the gas station, McGee removed

the handgun from the counter and placed it underneath the mattress of the bed closest to the window. The evidence is undisputed that McGee handled the gun. At the gas station, McGee bought the girls beverages and cigarettes. He also secretly purchased condoms. The three returned to the hotel where they continued to hang out.

Later, McGee asked A.H. to lay down with him on the bed near the window. A.H. complied. Eventually, McGee began trying to remove A.H.'s shorts and swimsuit bottoms. A.H. resisted. McGee was able to remove A.H.'s shorts and swimsuit, upon which he put a condom on and began having intercourse with A.H., despite A.H. telling McGee "no" several times. McGee eventually changed his condom and continued, then he removed that condom and continued intercourse unprotected until he finished. E.R. was on the other bed at this time and observed the assault. A.H. testified she just laid there and did not resist or say anything, as she was scared because "[t]here was a gun under the mattress. He could have reached for it any time." A.H. also testified McGee did not threaten her with the gun or reach for it during the assault. After finishing, McGee advised the girls to meet him outside to go get something to eat and then he left the room. A.H. had E.R. help her get dressed. They tried to locate McGee thereafter, but he had apparently left the hotel. The hotel room was not registered to McGee or his cousin. A.H. called the police and reported the sexual assault later that morning.

The State charged McGee with three counts of sexual abuse in the third degree and one count of possession of a firearm as a felon. The State amended its trial information to allege McGee to be subject to the minimum-sentence requirement of Iowa Code section 902.7. Following the State's case-in-chief at

trial, McGee moved for judgment of acquittal on all counts and the allegations concerning the minimum-sentence requirement. The court denied the motion. McGee did not present evidence but again moved for judgment of acquittal before final submission to the jury. The motion was denied. The jury found McGee guilty of one count of sexual abuse in the third degree and possession of a firearm as a felon. The jury also found McGee represented that he had a firearm at the time of the commission of the crime of sexual abuse.

McGee was sentenced to a term of incarceration not to exceed ten years with a mandatory minimum of five years on the sexual-abuse charge and a term of incarceration not to exceed five years on the possession charge, to be served concurrently. McGee appeals.

## II.     Standard of Review

Challenges to the sufficiency of the evidence are reviewed for corrections of errors at law. *State v. Kelso-Christy*, 911 N.W.2d 663, 666 (Iowa 2018). The court views "the evidence 'in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence.'" *State v. Ortiz*, 905 N.W.2d 174, 180 (Iowa 2017) (quoting *State v. Huser*, 894 N.W.2d 472, 490 (Iowa 2017)). All evidence is considered, not just that of an inculpatory nature. *See Huser*, 894 N.W.2d at 490. "[W]e will uphold a verdict if substantial evidence supports it." *State v. Wickes*, 910 N.W.2d 554, 563 (Iowa 2018) (quoting *State v. Ramirez*, 895 N.W.2d 884, 890 (Iowa 2017)). "Evidence is substantial if, 'when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt.'" *Id.* (quoting *Ramirez*, 895 N.W.2d at 890).

### III.    Analysis

The State bears the burden of proving every element of a charged offense. *State v. Armstrong*, 787 N.W.2d 472, 475 (Iowa Ct. App. 2010).  McGee does not challenge any of the jury instructions employed in his trial.  As such, the jury instructions are the law of the case for purposes of reviewing the sufficiency of the evidence.  *See State v. Banes*, 910 N.W.2d 634, 639 (Iowa Ct. App. 2018).

As to the charge of possession of a firearm as a felon, the jury was instructed the State was required to prove "the defendant knowingly possessed a firearm."  McGee challenges the sufficiency of the evidence concerning this element.  The jury was instructed as to several types of possession, which included the instruction that "[a] person who has direct physical control over a thing on his person is in actual possession of it."  The evidence is absolutely undisputed that McGee physically handled the firearm in question, moving it from the counter in the hotel room and placing it under the bed mattress.  The evidence was sufficient for a rational jury to conclude McGee knowingly possessed the handgun.

As to the section 902.7 sentencing enhancement, the jury was instructed as follows:

> If you find the defendant guilty of Sexual Abuse in the Third Degree with respect to any count charging that crime, you must then determine whether the defendant represented that he had a firearm.
> To represent that he had a firearm means to state, or act as if, a firearm was in his possession at the time of the crime.  It is not necessary there actually was a firearm, or that it was shown.  However, there must have been an act or statement by defendant which would cause the victim to reasonably believe the defendant had a firearm.
> The State must prove . . . this proposition beyond a reasonable doubt.  You shall answer the question about this issue which is attached to these instructions.  Your answer, as with your verdict, must be unanimous.

McGee argues the evidence is insufficient to show that he represented he had a firearm at the time of the crime. Here the evidence shows that, prior to leaving for the gas station, McGee physically placed the handgun under the mattress, which A.H. and E.R. observed, in the exact location where he later sexually assaulted A.H. Having observed him place the gun under the mattress where she was being sexually assaulted, A.H. testified she did not resist because "[t]here was a gun under the mattress. He could have reached for it any time." The lapse in time between the placement of the gun and the sexual assault does not negate the act of placing the gun where the crime would later be committed or A.H.'s belief that it could be accessed by McGee while she was being assaulted. Viewing the evidence in a light most favorable to the State and verdict, as we must, we find the evidence was sufficient to engender a jury question on the issue of whether there was an act or statement by McGee that would cause A.H. to reasonably believe he had a firearm.

## IV. Conclusion

We conclude the evidence was sufficient for submission to the jury. We therefore affirm the denial of McGee's motions for judgment of acquittal and, consequently, his convictions and sentences.

**AFFIRMED.**