# IN THE COURT OF APPEALS OF IOWA

No. 17-1784
Filed March 6, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DONALD ALAN HUTTON,**
        Defendant-Appellant.
_____


Appeal from the Iowa District Court for Black Hawk County, David P. Odekirk, Judge.


Donald Hutton appeals his conviction of assault causing bodily injury.
**AFFIRMED.**


Mark C. Smith, State Appellate Defender, and Ashley Stewart, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.


Considered by Potterfield, P.J., Bower, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**SCOTT, Senior Judge.**

Donald Hutton appeals his conviction of assault causing bodily injury on sufficiency-of-the-evidence grounds. He argues the trial court erred in denying his motions for judgment of acquittal because the State failed to prove beyond a reasonable doubt he acted without justification.

I. **Background Facts and Proceedings**

Upon the evidence presented at trial, a rational jury could make the following factual findings. On May 8, 2017, Peter Klassen was hauling livestock in a tractor trailer in Black Hawk County. Klassen was following another semi up a hill in a no-passing zone of a two-lane road when a silver Kia, driven by Hutton and containing a passenger, passed Klassen and then cut him off, squeezing in between Klassen's semi and the one in front of him. Hutton slammed on his brakes. Hutton then maintained a slow speed, continued to swerve back and forth so as to prevent Klassen from passing him, and repeatedly "flipped off" Klassen. Klassen returned the gesture. Klassen was somewhat confused, being unsure if he did something to aggravate Hutton. The driver of another vehicle behind Hutton and Klassen, Jeff Badker, observed Klassen having to slam on his brakes multiple times and swerve to slow down. Klassen was eventually able to speed up and pass Hutton. Klassen stopped in the turning lane of an upcoming intersection with the purpose of making a right turn. While stopped, Klassen glanced to his left and observed Hutton "half out of his car" and yelling at Klassen. Klassen got out of his semi, approached Hutton, situating himself near the front driver side of Hutton's car, and questioned, "What did I do to you? What is your fricking problem?" Hutton retorted Klassen did not give him enough room to pass. Klassen responded it was

a no-passing zone, upon which Hutton threw and landed a left punch to Klassen's jaw. A scuffle ensued. Eventually, Hutton's passenger got out of the car and advised they needed to leave. Hutton immediately disengaged in the struggle, got in his car, and fled the scene. When Hutton disengaged, Klassen noticed Hutton had blood all over his face, but did not understand why Hutton might be bleeding. Klassen observed Hutton throw a knife into his car as he and the passenger were reentering it.

Thereafter, a bystander, Joe Peterson, approached and advised Klassen he was bleeding. Klassen thought he was fine, but then observed blood to be squirting out of his shoulder. Klassen realized he had been stabbed. He was transported to the hospital by ambulance. Medical personnel found two lacerations consistent with stab wounds located on Klassen's back and left shoulder.

Peterson, another truck driver, was a witness to the ordeal. He did not see who threw the first blow, but while observing the subsequent scuffle from his semi approximately twenty feet away, he saw a shiny, reflective object in Hutton's hand. He also saw Hutton, in a "stabbing motion," hit Klassen multiple times in the left-shoulder area with the hand in which he was holding the object, upon which blood started shooting out of Klassen's shoulder. Peterson observed Hutton toss something into his car but could not tell what it was. Blood was still shooting from Klassen's shoulder when Peterson approached to assist Klassen after Hutton fled. Badker was also a witness to the scuffle. He did not see any objects in Hutton's hands. However, when he approached Klassen after the ordeal, Klassen advised,

"He stabbed me." Badker called 911. During the call, Badker advised Hutton had stabbed Klassen in the arm.[1]

Hutton was charged by trial information with going armed with intent and willful injury causing bodily injury, both as a habitual offender. The matter proceeded to a jury trial. Following the State's case-in-chief, Hutton moved for judgment of acquittal, arguing, among other things, his actions were justified. The court denied the motion. The court denied Hutton's renewed motion at the close of all evidence. The jury was unable to reach a verdict as to count one.[2] As to count two, the jury found Hutton guilty of the lesser-included offense of assault causing bodily injury. Hutton appealed following the imposition of sentence.

## II. Standard of Review

Challenges to the sufficiency of the evidence are reviewed for corrections of errors at law. *State v. Kelso-Christy*, 911 N.W.2d 663, 666 (Iowa 2018). The court views "the evidence 'in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence.'" *State v. Ortiz*, 905 N.W.2d 174, 180 (Iowa 2017) (quoting *State v. Huser*, 894 N.W.2d 472, 490 (Iowa 2017)). All evidence is considered, not just that of an inculpatory nature. *See Huser*, 894 N.W.2d at 490. "[W]e will uphold a verdict if substantial evidence supports it." *State v. Wickes*, 910 N.W.2d 554, 563 (Iowa 2018) (quoting *State v. Ramirez*, 895 N.W.2d 884, 890 (Iowa 2017)). "Evidence is substantial if, 'when viewed in the light most favorable to the State, it can convince a rational jury that

---

[1] An audio recording of the 911 phone call was admitted into evidence and played for the jury.
[2] The court declared a mistrial as to count one.

the defendant is guilty beyond a reasonable doubt.'" *Id.* (quoting *Ramirez*, 895 N.W.2d at 890).

**III.     Analysis**

The State bears the burden of proving every element of a charged offense. *State v. Armstrong*, 787 N.W.2d 472, 475 (Iowa Ct. App. 2010).  Hutton does not challenge any of the jury instructions employed in his trial.  As such, the jury instructions are the law of the case for purposes of reviewing the sufficiency of the evidence.  *See State v. Banes*, 910 N.W.2d 634, 639 (Iowa Ct. App. 2018).

The jury was instructed the State was required to prove, among other elements, the following element for assault causing bodily injury: "the defendant, *without justification*, did an act which was intended to cause pain or injury, result in physical contact which was insulting or offensive or place Peter Klassen in fear of an immediate physical contact which would have been painful, injurious, insulting or offensive to Peter Klassen."  (Emphasis added.)  Hutton only argues the evidence is insufficient to show that his acts were without justification.

The jury was instructed as follows as to justification and the use of reasonable force:

> The defendant claims he acted with justification.
> A person may use reasonable force to prevent injury to a person, including the defendant.  The use of this force is known as justification.
> Reasonable force is only the amount of force a reasonable person would find necessary to use under the circumstances to prevent injury.
> The State must prove the defendant was not acting with justification.
> . . . .
> A person is justified in using reasonable force if he reasonably believes the force is necessary to defend himself from any imminent use of unlawful force.

If the State has proved any one of the following elements, the defendant was not justified:

(1) The defendant started or continued the incident which resulted in injury.

(2) An alternative course of action was available to the defendant.

(3) The defendant did not believe he was in imminent danger of death or injury and the use of force was not necessary to save him.

(4) The defendant did not have reasonable grounds for the belief that he was in imminent danger of death or injury.

(5) The force used by the defendant was unreasonable.

. . . .

A person is not justified when he provokes or causes force to be used against him, intending to use it as an excuse to injure another.

If you find the State has proved the defendant provoked the use of force intending to use it as an excuse to injure Peter Klassen, he was not justified.

Generally, Hutton argues the State failed to prove that he was not acting in self-defense when he punched Klassen. He asserts he did not initiate or continue the physical altercation, he had no alternative course of action available, he reasonably believed he was in imminent danger, and the force he used was reasonable.

Although the evidence shows that Klassen approached Hutton in an aggressive manner, after doing so, Klassen merely shared words with Hutton. Hutton responded with a left hook to Klassen's jaw. A rational jury could conclude Hutton initiated the physical portion of the altercation. A rational jury could have also concluded that, instead of punching Klassen, Hutton could have retreated, by either backing away from the altercation or entering and locking his vehicle. Additionally, a rational jury could have concluded the force used by Hutton was unreasonable, given the fact that Hutton punched Klassen in response to mere verbal overtures, as opposed to overt gestures of physical violence. Viewing the

State's evidence in the light most favorable to the prosecution, we find a reasonable jury could rationally conclude Hutton acted without justification, and we affirm the district court's denial of Hutton's first motion for judgment of acquittal.

We turn to the court's denial of Hutton's renewed motion for judgment of acquittal following the close of all of the evidence. The only evidence presented by Hutton was his own testimony. Generally, his position was that Klassen attacked him, he hit Klassen in self-defense, and no knife was involved in the altercation. According to Hutton, after he passed Klassen, Klassen "got upset," "got up on my bumper," and started swerving. Hutton got angry "and started flipping him off." He then slowed his speed to aggravate Klassen, and Klassen eventually passed him. According to Hutton, when he came upon Klassen at the upcoming intersection, Klassen already "had his door open like he was waiting for [Hutton] to get there" and Klassen was yelling in Hutton's direction. Hutton rolled down his window and yelled, "Fuck you, dude." Hutton then began scanning for traffic on the intersecting road when he noticed Klassen "running" toward his vehicle out of the corner of his eye. Hutton jumped out of his car and "swung immediately" because he was "freaked out." Hutton testified there was never any exchange of words. Hutton and Klassen then wrestled around for a bit, after which Hutton left upon the advisement of his passenger. After he got in his car, Hutton noticed he had blood on his face, and subsequently found a minor injury on his head. Hutton denied he had a knife in his possession on the day in question. He asserted Klassen's wounds were results of him coming into contact with his trailer during the scuffle.

However, Hutton's self-serving testimony that he was acting in self-defense does not simply erase the State's evidence. The jury was faced with two different stories as to how matters unfolded. The jury obviously chose to align itself with the version formulated by the State's evidence. "The jury is free to believe or disbelieve any testimony as it chooses and to give weight to the evidence as in its judgment such evidence should receive. In fact, the very function of the jury is to sort out the evidence and 'place credibility where it belongs.'" *State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993) (citations omitted); *accord State v. Nitcher*, 720 N.W.2d 547, 556 (Iowa 2006) ("Inherent in our standard of review of jury verdicts in criminal cases is the recognition that the jury was free to reject certain evidence, and credit other evidence." (citation omitted)). The jury was expressly instructed to accept the evidence it found most believable. Furthermore, Hutton admitted in his testimony he was previously convicted of a crime of dishonesty, and the jury was instructed it could consider such evidence in relation to Hutton's credibility.

Although Hutton veils his challenge as one concerning the sufficiency of the evidence, it is, in reality, a challenge to the jury's apparent credibility determinations. "Our task is not to weigh the evidence or the credibility of the witnesses" in a sufficiency-of-the-evidence assessment. *See Tim O'Neill Chevrolet, Inc. v. Forristall*, 551 N.W.2d 611, 614 (Iowa 1996). Instead, the question is whether the evidence supports the jury's verdict. *See Nitcher*, 720 N.W.2d at 556; *Forristall*, 551 N.W.2d at 614. Viewing the evidence in the light most favorable to the State, we answer that question in the affirmative, and we affirm the district court's denial of Hutton's motions for judgment of acquittal.

**IV.    Conclusion**

We conclude substantial evidence supports Hutton's conviction of assault causing bodily injury.  We therefore affirm his conviction.

**AFFIRMED.**