# IN THE COURT OF APPEALS OF IOWA

No. 19-1830
Filed February 17, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DEREK TRACY CLARK,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Mary E. Howes,

Judge.

        The defendant challenges the sufficiency of the evidence to support his

conviction for first-degree theft.  **AFFIRMED.**

        Lauren M. Phelps, Hudson, Florida, for appellant.

        Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney

General, for appellee.

        Considered by Bower, C.J., and Vaitheswaran and Greer, JJ.

**GREER, Judge.**

Derek Clark challenges the sufficiency of the evidence to support his conviction for first-degree theft. Clark, who was seen driving a vehicle four days after it was stolen, maintains the State failed to prove (1) he knew the truck was stolen and (2) the truck had a value of more than $10,000. *See* Iowa Code §§ 714.1(4) (2019) ("A person commits a theft when the person . . . [e]xercises control over stolen property, knowing such property to have been stolen . . . ."); 714.2(2) (defining theft in the first degree as "[t]he theft of property exceeding ten thousand dollars in value").

"We review challenges to the sufficiency of the evidence for errors at law." *State v. Armstrong*, 787 N.W.2d 472, 475 (Iowa Ct. App. 2010). "The State bears the burden of proving every element of the crime with which [the defendant] is charged." *Id.* "We uphold a finding of guilt if substantial evidence supports the verdict." *Id.* In making this determination, "[w]e review the facts in the light most favorable to the State, including legitimate inferences and presumptions that may reasonably be deduced from the evidence in the record." *Id.*

The evidence at Clark's trial established that Brandon Seeley's work truck, a 2013 four-door, one-ton 3500 GMC with about 80,000 miles on it, was stolen from a jobsite on May 16, 2019. While Seeley did not see who took the truck, he heard it start while he was working on the other side of a building and then made it around to the parking lot in time to see the truck turning out into traffic. Seeley immediately called the local police and reported the truck was stolen.

Four days later, Brian Kingsbury was getting ready to leave a parking spot when a white GMC truck stopped behind him, blocking his vehicle. Kingsbury saw

a man—later identified as Clark—motion to a woman still in the truck to move it. Kingsbury sat and watched as Clark went into the liquor store and then came out a couple minutes later "almost running," carrying two bottles of liquor with black security tops on them. Clark got into the driver's seat of the truck and then left. When he noticed the truck had only pulled across the street to a different parking lot and stopped, Kingsbury called 911 to report what he witnessed. While on the phone with dispatch, Kingsbury drove over to see the license plate number on the GMC truck and reported that as well.

Officer James Alcala was dispatched to respond to Kingsbury's call. While he was still en route, Officer Alcala learned from dispatch that the truck had previously been reported as stolen. Officer Alcala located the truck parked in the lot of a restaurant near where Kingsbury last reported seeing it. A woman in a turquoise sweatshirt—as Kingsbury had described the female passenger—stood outside near the truck. As Officer Alcala approached her, Clark came out of the restaurant. The officer asked if they were together, and the female quickly denied it. He told her she was seen in the vehicle, and she replied "some guy" gave her a ride across the street. She denied knowing the guy's name and said he just took off. When asked, Clark denied being with the woman. He said he walked to the restaurant to speak with the manager. Officer Alcala noted Clark and the woman were wearing clothes that matched the description provided by Kingsbury and held them both until Kingsbury drove by and confirmed they were the two people he saw in the truck outside the liquor store. Clark, who originally denied any connection to the truck, then admitted the cell phone found in the truck belonged to him and asked for it.

First, Clark argues the State failed to prove he knew the truck was stolen.[1] He emphasizes four days had passed since the truck was taken and no evidence links him to the original taking of the truck from Seeley's jobsite. But "a defendant's unexplained possession of recently stolen property justifies an inference he illegally received it." *State v. Selestan*, 515 N.W.2d 356, 358 (Iowa Ct. App. 1994).

> "Recent" . . . is not necessarily measured by the number of hours or days or weeks involved. The nature of the articles, and the circumstances of the case are pertinent elements. The length of time is a question to be considered by the jury together with all other factors in the case.

*State v. Jones*, 289 N.W.2d 597, 599 (Iowa 1980) (alteration in original) (quoting *State v. Brightman*, 110 N.W.2d 315, 317 (Iowa 1961)). Clark suggests four days is not recent enough to support the inference he knew it was a stolen vehicle. But our supreme court has concluded a five-month interval between the theft and the finding of the stolen item in the defendant's possession did not preclude the inference. *See Brightman*, 110 N.W.2d at 316–317. Plus, here the jury had more than just the length of time to consider. When asked about his possible connection to the truck, Clark claimed he walked to the restaurant and was not with the woman in turquoise. He made these dishonest claims[2] in an apparent attempt to distance himself from the vehicle before Officer Alcala informed him the truck was stolen. Clark's behavior supports the inference that he knew the vehicle was stolen. Thus,

---

[1] At trial, Clark moved for a directed verdict, arguing the State presented insufficient evidence to support a conviction. For purposes of this appeal, we treat his motion for direct verdict as a motion for judgment of acquittal. *See State v. Adney*, 639 N.W.2d 246, 249 n.2 (Iowa Ct. App. 2001).

[2] During the defense's closing statement, Clark's attorney stated Clark took "full responsibility" for being the person Kingsbury saw stealing the alcohol from the liquor store, which prompted Kingsbury's report to 911.

the jury's determination Clark knew the vehicle was stolen is supported by substantial evidence.

Second, Clark claims the State failed to prove the value of the truck was more than $10,000. It is undisputed that Seeley testified the vehicle was worth between $25,000 and $30,000. But Clark now questions Seeley's knowledge or expertise to provide a value for the truck. "Value testimony is liberally received, with its weight to be determined by the jury . . . ." *State v. Savage*, 288 N.W.2d 502, 504 (Iowa 1980). And Clark did not challenge Seeley's testimony at trial. Clark did not attack Seeley's qualifications to give such an opinion, nor did he question whether Seeley's opinion was reliable. Seeley was asked if he had "any idea about how much that truck would be valued" and answered without objection, "It would be safe to say that that truck is between $25,000 and $30,000, right now, if you bought it."[3] Clark also did not challenge Seeley on his opinion through cross-examination, and Clark, who presented no defense, did not offer any contradictory evidence of the value. Substantial evidence supports the jury's determination the truck had a value of more than $10,000.

We affirm Clark's conviction of first-degree theft.

**AFFIRMED.**

---

[3] For theft offenses, "[t]he value of property is its highest value by any reasonable standard at the time that it is stolen. Reasonable standard includes but is not limited to market value within the community, actual value, or replacement value." Iowa Code § 714.3(1). It is worth noting this truck was equipped with a ladder rack and a hydraulic lift; but the lift had been removed before the police recovered the vehicle.