**STATE of Iowa, Appellant,**

v.

**Ickey Lee BUCHANAN, Appellee.**

**No. 99–133.**

Supreme Court of Iowa.

Jan. 20, 2000.

Thomas J. Miller, Attorney General, Karen Doland, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Douglas Eichholz, Assistant County Attorney, for appellant.

Linda Del Gallo, State Appellate Defender, and David Arthur Adams, Assistant State Appellate Defender, for appellee.

Considered by McGIVERIN, C.J., and CARTER, NEUMAN, and CADY, JJ., and HARRIS,* S.J.

HARRIS, Senior Judge.

An Iowa criminal statute renders it a crime for a felon to possess firearms. The question here is whether a person previously convicted of an aggravated misdemeanor by use of a firearm qualifies as a felon under this statute. We think the answer is yes, and reverse the contrary holding by the trial court. We reach this conclusion because of the legislature's specific definition of "felony," for the limited purposes of the provision.

Defendant Ickey Buchanan was charged with three offenses, including possession of a firearm by a felon, a class "D" felony in violation of Iowa Code section 724.26 (1997).[1] Buchanan had previously been convicted in Iowa of interference with official acts, while armed, an aggravated misdemeanor in violation of Iowa Code section 719.1 (1995). The district court granted Buchanan's motion to dismiss the charge, finding Buchanan did not have a prior "felony" conviction as that term is defined in Iowa Code section 724.25 (1997). The matter is before us on appeal by the State. Section 724.25(1) provides:

> As used in sections 724.8, subsection 2, and 724.26, the word "felony" means any offense punishable in the jurisdiction where it occurred by imprisonment for a term exceeding one year, *but does not include any offense, other than an of-*

---

\* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (1999).

1. Iowa Code § 724.26 provides in material part:

    A person who is convicted of a felony in a state or federal court and who knowingly has under the person's dominion and control, receives, or transports ... a firearm or offensive weapon is guilty of a class "D" felony.

*fense involving a firearm or explosive,* classified as a misdemeanor under the laws of the state and punishable by a term of imprisonment of two years or less.

(Emphasis added.)

 The State argues the italicized language converts Buchanan's prior misdemeanor into a felony for purposes of this section. Buchanan contends the trial court properly held section 724.25(1) was intended to apply to convictions arising in other jurisdictions, and not to apply to his prior Iowa misdemeanor conviction. Because the question is one of statutory interpretation, our review is on error. *State v. Hubka,* 480 N.W.2d 867, 871 (Iowa 1992).

Iowa Code section 724.25(1) generally places aggravated misdemeanors outside the sweep of the possession-of-a-firearm-by-a-felon statute. So a conviction for an aggravated misdemeanor ordinarily will not form an underlying basis for a violation of Code section 724.26. *State v. Key,* 467 N.W.2d 583, 584–85 (Iowa App.1991). Placement of aggravated misdemeanors outside the felony definition thus at first provides the exemption Buchanan claims. By the italicized language, however, the exemption is withdrawn. We take the words "other than an offense involving a firearm" as a legislative directive that those committing aggravated misdemeanors by use of firearms—as well as felons— were prohibited from possessing firearms. This seems clear in light of the statute's purpose.

No one questions the legislature's purpose in prohibiting felons from possessing firearms. It is because the legislature considers them dangerous. *State v. Halliburton,* 539 N.W.2d 339, 344–45 (Iowa 1995). This is a legitimate public purpose because such persons have an elevated tendency to commit crimes of violence. *State v. Rupp,* 282 N.W.2d 125, 130 (Iowa 1979).

The trial court thought the disputed language in section 724.25(1) was addressed to crimes previously committed in other states. We do not believe it was so limited. We find that Buchanan's prior conviction under Iowa Code section 719.1 while armed brought him within the prohibition under section 724.26. The holding to the contrary is reversed and the case remanded to the district court for further proceedings in conformance with this opinion.

**REVERSED AND REMANDED.**

All justices concur except NEUMAN, J., who dissents without opinion.