# IN THE COURT OF APPEALS OF IOWA

No. 17-1739
Filed April 17, 2019

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**LB DEONTAY GOODJOINT,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Karen A. Romano, Judge.

The defendant appeals his conviction for possession of a firearm by a felon. **REVERSED AND REMANDED FOR DISMISSAL.**

Elena M. Greenberg of Greenberg & Hurd, LLP, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**POTTERFIELD, Presiding Judge.**

LB Goodjoint appeals his conviction for possession of a firearm as a felon. Goodjoint challenges the sufficiency of the evidence to support the determination he was previously convicted of a qualifying felony. We review challenges to the sufficiency of the evidence for correction of errors at law. *State v. Romer*, 832 N.W.2d 169, 174 (Iowa 2013).

Iowa Code section 724.26 (2016) makes it a crime for a person who was previously convicted of a felony to knowingly carry a firearm. The word "felony," as used in section 724.26, is statutorily defined as

> any offense punishable in the jurisdiction where it occurred by imprisonment for a term exceeding one year, but does not include any offense, other than an offense involving a firearm or explosive, classified as a misdemeanor under the laws of the state and punishable by a term of imprisonment of two years or less.

Iowa Code § 724.25.

The State relied upon Goodjoint's 2013 conviction for carrying weapons as the predicate felony. At the jury trial, the State called Whitney Mann, who was Goodjoint's probation officer in 2013. Through her testimony, the State introduced as an exhibit an order from Goodjoint's 2013 case that showed the court revoked his deferred judgment and adjudged him guilty of carrying a concealed weapon, in violation of Iowa Code section 724.4(1). The State also called the two police officers who arrested Goodjoint in connection with the present crime. When asked if he had learned "that Goodjoint has been convicted of a felony or predicate offense for the offense of felon in possession of a firearm," Officer Shawn Morgan responded, "Yes." Similarly, Officer Brandon Holtan was asked if he learned Goodjoint "was previously convicted of the

offense of carrying weapons," and responded, "Yes." The State offered no evidence regarding the specifics of the 2013 conviction before it rested.

Goodjoint moved for a judgment of acquittal,[1] arguing the State failed to prove Goodjoint had been previously convicted of a felony or qualifying offense under section 724.26. As Goodjoint argued, carrying weapons—pursuant to section 724.4(1)—is not a felony. The section provides:

> Except as otherwise provided in this section, a person who goes armed with a dangerous weapon concealed on or about the person, or who, within the limits of any city, goes armed with a pistol or revolver, or any loaded firearm of any kind, whether concealed or not, or who knowingly carries or transports in a vehicle a pistol or revolver, *commits an aggravated misdemeanor*.

Iowa Code § 724.4(1) (emphasis added). Aggravated misdemeanors are generally placed "outside the sweep of the possession-of-a-firearm-by-a-felon statute." *State v. Buchanan*, 604 N.W.2d 667, 669 (Iowa 2000). Thus, in order to establish that Goodjoint's conviction for carrying weapons forms the underlying basis for the felon-in-possession-of-a-firearm charge, the State had to prove the carrying-weapons conviction involved a firearm. *See id.* (interpreting section 724.25(1) "as a legislative directive that those committing aggravated misdemeanors by use of firearms" are "prohibited from possessing firearms"). Goodjoint argued:

> The law requires that for the offense to qualify under [section] 724.26, the statute that is at issue in this case, the prior offense must involve a firearm.
> We have heard testimony from witnesses that he had a conviction for carrying concealed, but . . . no testimony that the offense involved a firearm.

---

[1] At trial, Goodjoint stated he was moving for a directed verdict. We treat this motion for directed verdict as a motion for judgment of acquittal. *See State v. Adney*, 639 N.W.2d 246, 249 n.2 (Iowa Ct. App. 2001).

That [carrying weapons] statute can be broken by carrying a knife, by carrying a baseball bat, by carrying a set of brass knuckles and nothing has been submitted to the jury to establish that the underlying offense involved a firearm; therefore, the State hasn't carried its burden. Therefore, this case must be dismissed.

In response, the district court noted that whether the prior offense was a felony within the meaning of the felon-in-possession-of-a-firearm statute was a legal question for the court to decide. The court contrasted this decision with that the jury must make—whether it was in fact Goodjoint who was previously convicted of the crime in question. Goodjoint agreed with the court's distinction but urged "that the court must still [make the legal determination] based on the evidence presented by the State because it's an element of the offense."

The district court disagreed and asked that the court file from Goodjoint's 2013 conviction be obtained and brought to the courtroom, noting it was "the only way for the court to make that legal determination of what that offense was." The court reviewed the file off the record before stating, outside the presence of the jury:

In considering whether the defendant's conviction in AGCR 251790 falls within that definition of felony, the court looks to the trial information in that case number which charges the defendant with, and I'm going to quote, carrying a concealed weapon in violation of Iowa Code Section 724.4 by going armed with or concealing on or about his person a dangerous weapon, to wit: 22 caliber pistol.

And to that trial information, the defendant, on August 31st, 2012, entered a plea of guilty to that charge and was granted at that time a deferred judgment, so the charge is clearly involving a 22 caliber pistol.

That deferred judgment was then revoked and the order that is entered April 18th, 2013 and conviction was entered to that same offense on that date. So the court concludes as a matter of law that the defendant's conviction in AG 251790 is a felony as defined in 724.25(1), which then would apply to the offense that is pending,

possession of a firearm by a felon in violation of Iowa Code section 724.26.

The trial information upon which the court relied was not presented by the State to the jury and is not a part of the record on appeal. On appeal, Goodjoint argues his conviction should be dismissed as the State failed to meet its burden to prove the elements for possession of a firearm by a felon and the district court should not have sua sponte reviewed the file for the alleged predicate crime in order to assist the State in meeting its burden. We agree. While the district court had to decide the question of law pertaining to whether Goodjoint's 2013 conviction met the requirements of a predicate offense, the court should have done so based upon the evidence the State presented. The State's failure to establish that the underlying aggravated misdemeanor involved a firearm was a failure to prove an element of the present offense, which requires the court to grant the defendant's motion for judgment of acquittal. *See Adney*, 639 N.W.2d at 252 (ruling the trial court should have granted the defendant's motion for judgment of acquittal when there was not evidence in the record to support a necessary element of the crime).

Moreover, the file the court reviewed after the close of the State's case in regard to Goodjoint's 2013 conviction was not offered or admitted into evidence. We have the court's oral statements from its judicial notice of the file. So we cannot say there is substantial evidence in the record before us to support the conviction Goodjoint challenges on appeal. *See State v. Boggs*, 741 N.W.2d 492, 505 n.2 (Iowa 2007) (denying request to supplement record for appeal because "[i]t is a fundamental principle that our review of the district court rulings

is limited to the record made before the district court"); *Best v. Yerkes*, 77 N.W.2d 23, 30 (Iowa 1956) ("[W]e are limited to the record as made in the lower court, and by the errors assigned here.").

Because the record lacks substantial evidence to support the "felon" element of the crime of felon in possession of a firearm, we reverse Goodjoint's conviction, judgment, and sentence and remand for dismissal. *See State v. Akers*, No. 16-1776, 2017 WL 4050155, at *2 (Iowa Ct. App. Sept. 13, 2017); *see also State v. Swartz*, 541 N.W.2d 533, 538 (Iowa Ct. App. 1995) ("[R]etrial is barred if a conviction is reversed on grounds for legally insufficient evidence because such reversal is equivalent, for double jeopardy purposes, to a jury verdict of acquittal." (citation omitted)).

**REVERSED AND REMANDED FOR DISMISSAL.**