# IN THE COURT OF APPEALS OF IOWA

No. 19-0686
Filed August 5, 2020

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JACOB ANTERO TRUJILLO,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Mary E. Howes (plea hearing) and Joel W. Barrows (sentencing), Judges.

Jacob Trujillo appeals from his convictions and sentence after pleading guilty to multiple offenses. **CONVICTIONS VACATED IN PART, SENTENCE VACATED, AND REMANDED WITH INSTRUCTIONS.**

Scott M. Wadding of Sease & Wadding, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Katie Krickbaum, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and May and Greer, JJ.

**MAY, Judge.**

Jacob Trujillo pled guilty[1] to intimidation with a dangerous weapon, criminal gang participation, trafficking in stolen weapons, interference with official acts while armed, possession of a firearm by a felon, and possession with intent to deliver marijuana. In this consolidated appeal, he argues he received ineffective assistance of counsel. He asks us to vacate his convictions and sentence. We conclude (1) one of his claims fails because there was a factual basis for his plea; (2) because the record does not show a factual basis for two of his convictions, we must vacate his sentence and remand; and (3) we must preserve his remaining ineffective-assistance claims.

**I. Background Facts**

Between April and December 2018, the State charged Trujillo with numerous offenses in four separate cases. In case number FECR391290 (290), the State charged Trujillo with trafficking in stolen weapons and possession of a firearm or offensive weapon by a felon.[2] In case number FECR394017 (017), the State charged Trujillo with intimidation with a dangerous weapon, criminal gang participation, and felon in possession of a firearm. In case number FECR395659 (659), the State charged Trujillo with interference with official acts while armed, carrying weapons, and possession of a firearm or offensive weapon by a felon.

---

[1] Iowa Code section 814.6 (2019) was recently amended to prohibit most appeals from guilty pleas. *See* 2019 Iowa Acts ch. 140 § 28. In *State v. Macke*, however, our supreme court held these amendments "apply only prospectively and do not apply to cases pending on July 1, 2019." 933 N.W.2d 226, 228 (Iowa 2019). We conclude, therefore, the amendments "do not apply" to this case, which was pending on July 1, 2019. *See id.*

[2] The State later amended the trial information to include theft in the third degree. But that charge was dismissed.

Finally, in case number FECR397215 (215), the State charged Trujillo with possession with intent to deliver marijuana and failure to affix a drug stamp.

Trujillo and the State entered into a global agreement to resolve all of the pending cases. Ultimately, Trujillo pled guilty to six charges: (1) trafficking in stolen weapons (case number 290), (2) intimidation with a dangerous weapon (case number 017), (3) criminal gang participation (case number 017), (4) interference with official acts while armed (case number 659), (5) possession of a firearm by a felon (case number 659), and (6) possession of marijuana with intent to deliver (case number 215). Trujillo was sentenced to a term not to exceed fifteen years. He now appeals.[3]

## II. Analysis

Trujillo argues two of his three trial attorneys were ineffective.[4] In his appellant's brief, Trujillo details various ways he believes counsel failed to perform essential duties. For purposes of analysis, we divide his claims into two groups: (1) his claims that there was no factual basis for charges to which he pled guilty; and (2) his procedural claims, i.e., his claims that the plea hearing did not comply with Iowa Rule of Criminal Procedure 2.8 or due process requirements.

As to this latter category of claims, Trujillo must prove *not only* that counsel failed to perform an essential duty *but also* that *prejudice resulted*. *See State v.*

---

[3] Trujillo filed a motion to consolidate his three case numbers in this appeal. Our supreme court granted the motion.

[4] We recognize Iowa Code section 814.7 was also recently amended to provide in pertinent part: "An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief" and "shall not be decided on direct appeal from the criminal proceedings." *See* 2019 Iowa Acts ch. 140, § 31. But again because this appeal was pending on July 1, 2019, the amendment "do[es] not apply" to this case. *See Macke*, 933 N.W.2d at 235.

*Albright*, 925 N.W.2d 144, 151 (Iowa 2019) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Specifically, Trujillo must show he was prejudiced because "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *State v. Myers*, 653 N.W.2d 574, 578 (Iowa 2002) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). But Trujillo's brief does not contend that any of counsel's alleged failures resulted in prejudice. And while he did raise a prejudice argument in his reply brief, that was too late. *See State v. Hebron*, No. 14-1344, 2015 WL 3876788, at *4 (Iowa Ct. App. June 24, 2015); *see also Young v. Gregg*, 480 N.W.2d 75, 78 (Iowa 1992) ("[W]e have long held that an issue cannot be asserted for the first time in a reply brief.").

Because Trujillo's procedural arguments cannot succeed without a showing of prejudice, we conclude they are not sufficiently developed for our review. We preserve them for further proceedings.[5] *See State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018) ("If the development of the ineffective-assistance claim in the appellate brief was insufficient to allow its consideration, the court of appeals should not consider the claim, but should not outright reject it."); *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) ("If . . . the court determines the claim cannot be addressed

---

[5] These claims include Trujillo's arguments that each of his pleas failed to comply with Iowa Rule of Criminal Procedure 2.8, were not voluntary, and violated his due process rights.

on appeal the court must preserve it for a postconviction-relief proceeding, regardless of the court's view of the potential viability of the claim.").

As to Trujillo's factual-basis claims, our analysis is different. If "trial counsel allows the defendant to plead guilty" to a charge for which there is no factual basis, prejudice is "inherent." *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). Put another way, claimants alleging "ineffective assistance of counsel on the basis a guilty plea lacks a factual basis" are not required to make a "separate showing of prejudice." *Myers*, 653 N.W.2d at 579. Rather, "our first and only inquiry is whether the record shows a factual basis for [the defendant's] guilty plea to the charge." *Schminkey*, 597 N.W.2d at 788. So, even though Trujillo failed to argue prejudice in his brief, we can still reach the merits of his factual-basis claims. *See id.*

We review ineffective-assistance-of-counsel claims de novo. *State v. Harrison*, 914 N.W.2d 178, 188 (Iowa 2018). "A factual basis for a guilty plea may be found from: (1) inquiry of the defendant, (2) inquiry of the prosecutor, (3) examination of the presentence report, and (4) minutes of evidence." *State v. Amadeo*, No. 11-1426, 2012 WL 2122262, at *1 (Iowa Ct. App. June 13, 2012) (footnote omitted). "This record, as a whole, must disclose facts to satisfy the elements of the crime." *Id.* (quoting *State v. Keene*, 630 N.W.2d 579, 581 (Iowa 2001)).

### A. Criminal Gang Participation

Trujillo argues his plea to the charge of criminal gang participation (case number 017) lacks a factual basis. This is true, he contends, because "criminal

street gang" was never defined and Trujillo's statements were "legal conclusions lacking a factual basis" for the charge. The State disagrees.

Our analysis begins with Iowa Code section 723A.2 (2018). It states, "A person who actively participates in or is a member of *a criminal street gang* and who willfully aids and abets any criminal act committed for the benefit of, at the direction of, or in association with any *criminal street gang*, commits a class 'D' felony." Iowa Code § 723A.2 (emphasis added). A "criminal street gang" is defined as

> an ongoing organization, association, or group of three or more persons, whether formal or informal, having as one of its primary activities the commission of one or more criminal acts, which has an identifiable name or identifying sign or symbol, and whose members individually or collectively engage in or have engaged in *a pattern of criminal gang activity*.

*Id.* § 723A.1(2) (emphasis added). And a "pattern of criminal gang activity" is defined as "the commission, attempt to commit, conspiring to commit, or solicitation of two or more criminal acts, provided the criminal acts were committed on separate dates or by two or more persons who are members of, or belong to, the same criminal street gang." *Id.* § 723A.1(3).

At the plea hearing, the district court described the State's burden to Trujillo:

> THE COURT: [Y]ou also are pleading guilty to according to the plea agreement to criminal gang participation, also a class "D," and that the State would have to prove beyond a reasonable doubt on the 7th day of July, 2018, you were in Scott County, Iowa, and you participated in or were a member of a criminal street gang at the time you committed the offense of intimidation with a dangerous weapon; and that you did it for the benefit of or at the direction of or in association with a gang in violation of 723A.2. So that means they would have to prove that you're a member of a gang and what that gang was, and at the time that you were running around with this gun intimidating people, that you did it either in connection with a gang—

like, you were all running around together, or somebody in the gang direct you to do it, okay? Do you have any questions on that?

THE DEFENDANT: No.

Later in the hearing, the following colloquy occurred:

[TRIAL COUNSEL:] [O]n or about July 7, 2018, in Scott County, Iowa, did you shoot a gun into a crowd of people and place them reasonably in fear of their safety?

THE DEFENDANT: Yes, . . . I shot at them.

. . . .

[TRIAL COUNSEL:] And at the time you did this, you were participating—or a member of a gang; is that correct?

THE DEFENDANT: Yes.

[TRIAL COUNSEL]: And doing this as part of or associated with that gang activity; correct?

THE DEFENDANT: Yes.

THE COURT: What is the gang?

THE DEFENDANT: Low Riders.

. . . .

THE COURT: Low Riders. Is that a criminal—what we would call a criminal street gang?

THE DEFENDANT: Yes.

THE COURT: Okay. And did you belong to that or did? At the time on July 7, 2018, you were a Low Rider?

THE DEFENDANT: Yes. At the time, yes.

. . . .

THE COURT: What is your plea under Count 2 of that Trial Information, Criminal Gang Participation, in violation of Iowa Code Section 723A.2, a class "D" felony, guilty or not guilty?

THE DEFENDANT: Guilty.

As Trujillo notes, the district court did not define "criminal street gang" before Trujillo made these statements. But our review is not limited to Trujillo's statements. We may also consider the minutes of evidence. *See Schminkey*, 597 N.W.2d at 788 ("In deciding whether a factual basis exists, we consider the entire record before the district court at the guilty plea hearing, including . . . the minutes of testimony . . . ."). They provide a list of witnesses, some who would testify that Trujillo was "a known member of the Low Rider gang," some who would testify about an incident where Trujillo confronted a rival gang member and fired multiple

shots at a group of people, and others that could testify that Trujillo's bedroom contained "a metal sign with gang affiliated graffiti" and "a sweatshirt containing gang affiliation." The minutes also reveal a detective in the Gang and Street Crimes unit intended to testify that "the Low Riders are a known Quad City criminal street gang" that "have committed two or more criminal acts" and "are engaged in an ongoing pattern of criminal activity."

Viewed as a whole, we find the record "disclose[d] facts to satisfy the elements of the crime" of criminal gang participation. *See Amadeo*, 2012 WL 2122262, at *1. So we decline to find counsel was ineffective in allowing Trujillo to plead guilty to the offense.

### B. Trafficking in Stolen Weapons

Trujillo next claims the "record lacks a factual basis to support [his] guilty plea to [t]rafficking in [s]tolen [w]eapons because there is no indication that [he] knew the firearm was stolen at the time of acquisition." The State contends Trujillo is interpreting section 724.16A(1) too narrowly and, moreover, he fails to provide any supporting authority. In the State's view, it doesn't matter whether Trujillo knew the weapon was stolen at the time of acquisition. Rather, the question is whether he acquired a stolen weapon and then "possessed it knowing it was stolen." But the State provides no authority for its interpretation, either.

So it appears the parties have presented a question of first impression. To answer it, we must find the meaning of section 724.16A(1) "in the 'text of the statute,' the 'words chosen by the legislature.'" *Fishel v. Redenbaugh*, 939 N.W.2d 660, 663 (Iowa Ct. App. 2019) (quoting *State v. Childs*, 898 N.W.2d 177, 184 (Iowa 2017)). Section 724.16A states:

**724.16A Trafficking in stolen weapons.**
1. *A person who knowingly* transfers or *acquires* possession, or who facilitates the transfer, *of a stolen firearm* commits:
a. A class "D" felony for the first offense.
b. A class "C" felony for second and subsequent offenses or if the weapon is used in the commission of a public offense.
2. However, this section does not apply to a person purchasing stolen firearms through a buy-back program sponsored by a law enforcement agency if the firearms are returned to their rightful owners or destroyed.

(Emphasis added.)

We think this case turns on the legislature's choice of verbs. If the legislature had chosen to prohibit the knowing "possession" of a stolen firearm, then the State's argument might well prevail. *Cf.* Iowa Code § 714.1(4) (providing "[a] person commits theft when the person . . . [e]xercises control over stolen property, knowing such property to have been stolen"). But instead, section 724.16A is aimed at those who "knowingly . . . *acquire*[] possession . . . of a stolen firearm." And we think the adverb "knowingly" modifies the action of *"*acquir[ing] . . . a stolen firearm." *See State v. James*, 693 N.W.2d 353, 354 (Iowa 2005) (interpreting the phrase "knowingly acts in a manner that creates a substantial risk to a child or minor's physical, mental or emotional health or safety" in Iowa Code section 726.6(6) and holding trial court erred by instructing "that 'knowingly' refers only to the defendant's act"; further holding that "instructions should have informed the jury that it must find the defendant acted with knowledge that she was creating a substantial risk to the child's safety"). And, in ordinary English, a person does not "knowingly" "acquire" "a stolen firearm" unless she or he knows the firearm is stolen *when he or she acquires it. See In re Estate of Franken*, 944 N.W.2d 853, 859–60 (Iowa 2020) (noting "we seek to determine the

ordinary and fair meaning of the statutory language at issue"). This reading fits well with the statute's heading, which shows the legislature's interest in punishing people who "traffic[] in stolen weapons." Iowa Code § 726.16A. It shows no legislative interest in punishing people who buy or sell firearms without reason to believe they are stolen. *See Des Moines Flying Serv., Inc. v. Aerial Servs. Inc.*, 880 N.W.2d 212, 221 (Iowa 2016) (recognizing the "title-and-headings canon" (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 221 (2012))).

So we agree with Trujillo that the record must show he knew the firearm was stolen at the point of acquisition. *See* Iowa Code § 724.16A. With that issue resolved, we turn to the record. The following plea colloquy occurred to establish a factual basis for this charge:

> [TRIAL COUNSEL]: On the plea agreement, it says that you would be pleading to trafficking stolen weapons, in violation of section 724.16A(1)(a), and we have gone over that also. That's being in possession of a weapon in this case. The weapon was a Springfield XDS pistol, and that was in your room?
> THE DEFENDANT: Yes.
> [TRIAL COUNSEL]: And that was a stolen weapon in your— it was in your possession?
> THE DEFENDANT: Yes.
> . . . .
> THE COURT: Okay. Thank you, [trial counsel], and Mr. Trujillo, at the time that you had this firearm, you knew that it was stolen; right?
> THE DEFENDANT: Yes.
> THE COURT: Okay. And that would be your first offense, so that's a class "D" under the Code, first offense for that. All right. Mr. Trujillo, after going through all of that, what is your plea under Count 1, Trafficking in Stolen Weapons, . . . guilty or not guilty?
> THE DEFENDANT: Guilty.

The minutes of evidence add little of use. They only mention that "a stolen Springfield XDS pistol" was found in Trujillo's room.

What we do not find in the record is an indication of when, where, or how Trujillo acquired the handgun. Nor is it clear what knowledge Trujillo had when he "acquired possession" of the gun. So we find no factual basis for his plea. Accordingly, we must vacate Trujillo's sentence and remand for further proceedings in which the State will have the opportunity to establish a factual basis. *See Schminkey*, 597 N.W.2d at 792 ("Where, however, it is possible that a factual basis could be shown, it is more appropriate merely to vacate the sentence and remand for further proceedings to give the State an opportunity to establish a factual basis.").

**C. Possession of a Firearm by a Felon**

Finally, Trujillo argues counsel was ineffective for failing to address the lack of factual basis for the charge of possession of a firearm by a felon. He claims the record does not support a finding that he was "adjudicated delinquent on the basis of conduct that would constitute a felony if committed by an adult." *See* Iowa Code § 724.26(1). The State contends Trujillo's admissions during the plea colloquy satisfy this requirement. Alternatively, the State contends Trujillo's known adjudications satisfy an exception for aggravated misdemeanors that involved a firearm.

We begin our analysis with the relevant statutes. Iowa Code section 724.26(1) states:

> A person who is convicted of *a* felony in a state or federal court, *or who is adjudicated delinquent on the basis of conduct that would constitute a felony if committed by an adult*, and who knowingly has under the person's dominion and control or possession, receives, or transports or causes to be transported a firearm or offensive weapon is guilty of a class "D" felony.

(Emphasis added.)

Reading backward in the Code, we find that section 724.25(1) provides this definition of "felony":

> As used in section 724.26, the word "felony" means any offense punishable in the jurisdiction where it occurred by imprisonment for a term exceeding one year, but does not include any offense, other than an offense involving a firearm or explosive, classified as a misdemeanor under the laws of the state and punishable by a term of imprisonment of two years or less.

So, in general, misdemeanor adjudications do not constitute "felonies" for purposes of the possession-of-a-firearm-by-a-felon statute. *State v. Goodjoint*, No. 17-1739, 2019 WL 1752696, at *1 (Iowa Ct. App. Apr. 17, 2019). But there is an exception. An aggravated misdemeanor may be treated as a prior "felony" if the offense involved a firearm or explosive. *State v. Buchanan*, 604 N.W.2d 667, 669 (Iowa 2000) (stating there is a "legislative directive that those committing aggravated misdemeanors by use of firearms—as well as felons—were prohibited from possessing firearms" and determining an aggravated misdemeanor by use of a firearm "brought [the offender] within the prohibition under section 724.26").

From our review of the current record, we are not convinced there is a sufficient factual basis for Trujillo's conviction. The State points out that Trujillo answered "yeah" to this question: "And you have a prior adjudication as a juvenile as a felon; is that correct?" But it is not clear to us that an adjudication "as a felon" is the same as an adjudication "for a felony." It is also not clear that Trujillo's "yeah" was enough to establish that—in the words of the statute—he had been "adjudicated delinquent *on the basis of conduct* that would constitute a felony if committed by an adult." Iowa Code § 724.26(1) (emphasis added). Trujillo did not

explain what "conduct" formed the "basis" for any adjudication. Nor did Trujillo name a particular offense, such as robbery, that would have "constitute[d] a felony if committed by an adult." *See id.* So we do not believe Trujillo's statements show he was adjudicated delinquent "on the basis of conduct that would constitute a felony if committed by an adult." Moreover, from this record, it appears Trujillo's presentence investigation report (PSI) is the best indicator of his actual history of juvenile adjudications. But the PSI lists no prior felony adjudications.

The PSI does show Trujillo has two prior adjudications for carrying weapons,[6] both of which would be aggravated misdemeanors if committed by an adult. *See* Iowa Code § 724.4(1). So the next question is: Does the record show that at least one of these offenses involved "a firearm or explosive"? *See* Iowa Code § 724.25(1). If so, the felon element is fulfilled.

But we find no evidence to support that conclusion. *See Amadeo*, 2012 WL 2122262, at \*1; *cf. State v. Mason*, No. 02-0591, 2003 WL 22087414, at \*1 (Iowa Ct. App. Sept. 10, 2003) (finding support for factual basis on a habitual-offender enhancement in a PSI that listed six prior felony convictions). As far as the record

---

[6] Iowa Code section 724.4(1) provides:
> Except as otherwise provided in this section, a person who goes armed with a dangerous weapon concealed on or about the person, or who, within the limits of any city, goes armed with a pistol or revolver, or any loaded firearm of any kind, whether concealed or not, or who knowingly carries or transports in a vehicle a pistol or revolver, commits an aggravated misdemeanor.

And, according to Iowa Code section 702.7,
> Dangerous weapons include but are not limited to any offensive weapon, pistol, revolver, or other firearm, dagger, razor, stiletto, switchblade knife, knife having a blade exceeding five inches in length, or any portable device or weapon directing an electric current, impulse, wave, or beam that produces a high-voltage pulse designed to immobilize a person.

shows, both offenses could have been committed without a firearm or explosive. As far as the record shows, both offenses could have involved any other "dangerous weapon," like a "razor" or a "knife having a blade exceeding five inches in length." *See* Iowa Code § 724.4(1) (prohibiting the "go[ing] armed with a dangerous weapon concealed on or about the person"); *id.* at § 702.7 (defining "dangerous weapons").

So we find no factual basis to support the "felon" element for the charge of possession of a firearm by a felon.[7] *Cf. Goodjoint*, 2019 WL 1752696, at *2–3. Again, we find Trujillo's sentence must be vacated. On remand, the State will have further opportunity to establish a factual basis for the "felon" element. *See Schminkey*, 597 N.W.2d at 792.

**III. Conclusion**

The record does not establish a factual basis for two of Trujillo's convictions—trafficking in stolen weapons and possession of a firearm by a felon. Therefore, we vacate his sentence and remand so that State may establish a factual basis for those charges. If a factual basis for those charges cannot be shown, the district court should vacate all of the convictions and return the parties "to the position [they] had before the plea agreement." *State v. Gines*, 844 N.W.2d 437, at 442 (Iowa 2014); *see also State v. Olson*, No. 15-2114, 2017 WL 362597,

---

[7] We note the minutes of evidence state that Clerk of Court Julie Carlin "or designee" would testify "that the regularly kept records of the Scott County Juvenile Court reflect that the defendant, JACOB A. TRUJILLO was previously adjudicated delinquent of conduct that would constitute a felony for purposes of the felon in possession statute under Iowa Code Section 724.26(1) if committed by an adult." Because the State does not mention this statement in its brief, we decline to speculate about its possible importance.

at *2 (Iowa Ct. App. Jan. 25, 2017). "If this occurs, the State may reinstate any charges or sentencing enhancements it dismissed in contemplation of the plea agreement, file any additional charges supported by the evidence, and proceed against [Trujillo] accordingly." *State v. Olson*, No. 14-1352, 2015 WL 1848694, at *1 (Iowa Ct. App. Apr. 22, 2015).

**CONVICTIONS VACATED IN PART, SENTENCE VACATED, AND REMANDED WITH INSTRUCTIONS.**