**STATE of Iowa, Plaintiff–Appellee,**

v.

**David Victor ADNEY, Defendant–Appellant.**

No. 00–0974.

Court of Appeals of Iowa.

Oct. 24, 2001.

Linda Del Gallo, State Appellate Defender, and Stephan J. Japuntich, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kristin Mueller, Assistant Attorney General, John P. Sarcone, County Attorney, and Mark Sandon, Assistant County Attorney, for appellee.

Considered by HUITINK, P.J., and MILLER and HECHT, JJ.

MILLER, J.

David Victor Adney appeals from his convictions for manufacture of methamphetamine (Count I), possession of pseudoephedrine or ephedrine with intent to use it as a precursor (Count II), and possession of marijuana (Count III), in violation of Iowa Code sections 124.401(1)(b)(7) (1999), 124.401(4), and 124.401(5) respectively. He contends the court erred in denying his motion for judgment of acquittal and motion for new trial. We affirm in part, reverse in part, and remand.

## I. BACKGROUND FACTS.

Members of the Des Moines police department executed a search warrant at the residence of the defendant, David Adney. During the search the officers discovered eighteen empty bottles of a cold remedy containing pseudoephedrine, four full cans of starting fluid containing ether, a black bag containing powder pseudoephedrine and sixteen lithium batteries, a digital scale, an empty acetone can, foil strips, a box of Hy–Vee salt, a can of mineral spirits, and approximately 5.4 grams of marijuana. Based on these discoveries the State charged Adney with the crimes of which he was later convicted.[1]

The case proceeded to jury trial. Officer Ortman testified for the State that all of the items found at Adney's residence, except the marijuana, are ingredients used either in the manufacturing or consumption of methamphetamine. He also testified regarding the steps taken, and ingredients used, in the "Nazi method" of producing methamphetamine, many of which were consistent with the items found during the search of Adney's residence.

Patricia Krahn, a criminalist at the Iowa Division of Criminal Investigation Criminalistics Laboratory, also gave testimony regarding the "Nazi" process of producing methamphetamine. She testified that between twenty-two and twenty-eight grams of methamphetamine could be produced based on the amount of pseudoephedrine found at Adney's residence. Ortman and Krahn testified that one of the ingredients necessary to complete the process of manufacturing methamphetamine under the "Nazi method" is anhydrous ammonia and none of this substance was found during the search of Adney's residence.

■ Adney made a motion for what he termed a directed verdict,[2] which was denied by the trial court. He was subsequently found guilty by the jury on all three counts. He filed a combined motion for new trial and motion in arrest of judgment. The court overruled the motions and sentenced Adney to an indeterminate twenty-five year term for manufacture of methamphetamine, an indeterminate five-year term for possession of a precursor, and a six-month term for possession of marijuana, all to run concurrently.

Adney asserts the trial court erred by not granting his motions for judgment of acquittal and new trial. He argues the evidence was insufficient to prove the elements of the manufacturing charge and the possession of a precursor charge, and the verdicts were therefore also contrary to the weight of the evidence. He argues the evidence was insufficient because not all of the necessary ingredients for the manufacture of methamphetamine were found during the search of his residence and there was no evidence he possessed the requisite knowledge to make the drug. Adney also argues that although there was evidence concerning the amount of methamphetamine that could potentially be produced from the pseudoephedrine that was present, there was no evidence of methamphetamine in any measurable quantity, no evidence of any amount of a mixture or substance containing a detectable amount

1. Although Adney was originally charged with possession of ephedrine with intent to use it as a precursor, this charge was submitted to the jury under instructions that allowed the jury to find possession of either pseudoephedrine or ephedrine with the requisite intent.

2. For purposes of this appeal we will treat Adney's motion for directed verdict as a motion for judgment of acquittal. *See State v. Deets*, 195 N.W.2d 118, 123 (Iowa 1972) (holding that grant of motion for directed verdict is tantamount to a judgment of acquittal in a criminal action).

of methamphetamine, and therefore also no evidence that he manufactured more than five grams of methamphetamine. In the alternative, he requests that if we determine any of the issues he raises are not preserved for appeal then we address them on the basis of ineffective assistance of counsel.

## II. SCOPE AND STANDARDS OF REVIEW.

■ We will uphold a trial court's denial of a motion for judgment of acquittal if there is substantial evidence to support the defendant's conviction. *State v. Kirchner*, 600 N.W.2d 330, 333 (Iowa Ct.App.1999). Substantial evidence is such evidence as could convince a rational fact finder that the defendant is guilty beyond a reasonable doubt. *Id.* at 334. Our scope of review of sufficiency-of-evidence challenges is for correction of errors at law. Iowa R.App. P. 4; *State v. Thomas*, 561 N.W.2d 37, 39 (Iowa 1997). In reviewing such challenges we give consideration to all the evidence, not just that supporting the verdict, and view such evidence in the light most favorable to the State. *State v. Schmidt*, 588 N.W.2d 416, 418 (Iowa 1998).

■ When a defendant argues the trial court erred in denying a motion for new trial based on the claim that the verdict is contrary to the weight of the evidence our standard of review is for abuse of discretion. *State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998).

## III. PRESERVATION OF ERROR.

■ The State claims that Adney did not preserve error on his claim the State failed to prove he manufactured more than five grams of methamphetamine, and that he has failed to preserve error on his claim of insufficient evidence to support the other two convictions as he did not challenge those two convictions. We agree with the State that Adney has failed to preserve error concerning his possession of marijuana conviction, and also find he has waived any issue concerning that conviction.

■ Adney cites no authority and makes no arguments in his brief as to any claimed error on the marijuana charge. Our appellate rules require a party's brief to state the issue or issues presented for review. Iowa R.App. P. 14(a)(3); *Hollingsworth v. Schminkey*, 553 N.W.2d 591, 596 (Iowa 1996); *Mueller v. St. Ansgar State Bank*, 465 N.W.2d 659, 659 (Iowa 1991). When a party, in an appellate brief, fails to state, argue, or cite to authority in support of an issue, the issue may be deemed waived. Iowa R.App. P. 14(a)(3); *Pierce v. Staley*, 587 N.W.2d 484, 486 (Iowa 1998). Furthermore, issues must be presented to and ruled upon by the trial court before they can be raised and decided on appeal. *Metz v. Amoco Oil Co.*, 581 N.W.2d 597, 600 (Iowa 1998); *Conner v. State*, 362 N.W.2d 449, 457 (Iowa 1985). Adney's motion for judgment of acquittal and combined motion for new trial and motion in arrest of judgment did not raise any issue regarding the possession of marijuana charge, and the trial court did not address any issue regarding that charge. Therefore, we conclude Adney has both waived and failed to preserve error on any issue relating to his possession of marijuana conviction.

We question whether Adney has properly preserved error for appeal on the precursor conviction. While he argued "the State failed to introduce any substantial evidence necessary to establish all the critical elements of these offenses" in his motion for judgment of acquittal, he did not further argue the precursor issue and in fact went on to state that "the State arguably has made a showing that there is a precursor—possession of precursor drugs." Then in his subsequent argument

on his motion for new trial he asserted the case should have only been submitted to the jury on the possession of a precursor charge, thereby seemingly conceding there was sufficient evidence on this charge.

On appeal Adney challenges all three convictions but only gives the briefest mention to the precursor conviction. Thus, whether Adney's claims on appeal relating to this charge are properly before us is not at all clear. However, we need not rest our decision concerning this conviction on principles of error preservation because we conclude any argument that there was insufficient evidence to prove the possession of a precursor charge, or that the verdict on that charge was contrary to the weight of the evidence, fails on the merits.

■ Finally, we believe Adney's claim the record does not support the jury finding that he manufactured more than five grams of methamphetamine is part of, and subsumed within, his claim the evidence is insufficient to sustain his conviction for manufacturing methamphetamine. As Adney's challenge to the sufficiency of the evidence to support the submission of the manufacturing charge was properly preserved, we conclude his challenge to the sufficiency of the record regarding the jury finding on the amount of methamphetamine manufactured is also properly before us on appeal.

## IV. MERITS.

As set forth above, the issues properly preserved and before us on appeal are Adney's challenges to his convictions for possession of ephedrine or pseudoephedrine with the intent to use it as a precursor to an illegal substance and manufacture of methamphetamine. He asserts there was insufficient evidence to support the convictions and the verdicts were contrary to the weight of the evidence and thus the trial court erred in failing to grant his motion for judgment of acquittal and his motion for new trial. In the alternative, if any of these issues are determined not preserved, Adney asserts his trial counsel was ineffective for failing to preserve them.

## A. Motion for Judgment of Acquittal

Adney moved for judgment of acquittal, and later was allowed to and did supplement the motion. He argued, among other things, that there was a distinction between possession of a precursor with intent to manufacture methamphetamine and manufacture of methamphetamine, it takes more than just the presence of a precursor to constitute manufacture of a controlled substance, and the evidence at best established the presence of precursor drugs and was insufficient to support the manufacturing charge. On appeal he argues there was no evidence of methamphetamine in any measurable quantity, no evidence of any amount of mixture or substance containing a detectable amount of methamphetamine, and the jury finding that he manufactured more than five grams of methamphetamine is not supported by the record.

### 1. Possession of a Precursor.

■ Early in this opinion we listed the items found during the search of Adney's residence. Criminologist Krahn testified that the first step of the process of manufacturing methamphetamine is usually acquiring pseudoephedrine tablets and grinding them into powder. The items found at Adney's residence included eighteen bottles that had contained tablets containing pseudoephedrine. Krahn testified that the powder found at Adney's residence weighed 143.34 grams, and contained forty-three percent pseudoephedrine hydrochloride by weight or 61.6 grams of pseudoephedrine hydrochloride. Officer Ortman testified that most of the

items, except the marijuana, are used in manufacturing methamphetamine. This evidence was sufficient for the jury to find that Adney possessed pseudoephedrine with the intent to use it as a precursor to methamphetamine. The trial court did not err in overruling Adney's motion for judgment of acquittal on the charge of possession of ephedrine or psuedoephedrine with intent to use it as a precursor to an illegal substance, methamphetamine.

### 2. Manufacture of Methamphetamine.

■ In order for Adney to be found guilty of manufacture of five kilograms or less of methamphetamine there must be substantial evidence that the manufacturing process in fact yielded methamphetamine, its salts, isomers or salts of isomers, analogs of methamphetamine, or any compound, mixture, or preparation containing any quantity or detectable amount of the same. Iowa Code § 124.401(1)(b)(7), (c)(6); *see also State v. Royer*, 632 N.W.2d 905 (Iowa 2001) (holding that to show guilt of manufacture of five grams or more of methamphetamine it is necessary to show that the manufacturing process in fact yielded five grams or more of methamphetamine, its salts, etc., or any compound or mixture containing any quantity or detectable amount of methamphetamine.). There is no evidence in the record that any amount of methamphetamine, or any amount of a mixture or substance containing any amount of methamphetamine, was found at Adney's residence or is otherwise involved in this case. The trial court therefore should have sustained Adney's motion for judgment of acquittal on the manufacture of methamphetamine charge for lack of substantial evidence to support a necessary element, that Adney had manufactured any methamphetamine. As there was no substantial evidence that Adney had manufactured any methamphetamine, there was of

course no substantial evidence he had manufactured more than five grams of methamphetamine. We reverse Adney's conviction and sentence under Count I and remand for entry of a judgment of acquittal on that count.

### B. Motion for New Trial.

Because we have reversed Adney's conviction and sentence under Count I and remanded for entry of a judgment of acquittal, it is unnecessary to address his claim the trial court erred in overruling his motion for new trial as to that count. We have held Adney has waived, and failed to preserve error on, any issue relating to Count III. Our remaining analysis therefore relates only to Count II, the charge of possession of pseudoephedrine or ephedrine with intent to use it as a precursor.

■ Iowa Rule of Criminal Procedure 23(2)(b)(6) provides that the court may grant a new trial when the verdict is contrary to law or the evidence. Our supreme court has interpreted "contrary to . . . the evidence" as meaning "contrary to the weight of the evidence." *Ellis*, 578 N.W.2d at 659. "The 'weight of the evidence' refers to 'a determination [by] the trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other.'" *Id.* at 658 (quoting *Tibbs v. Florida*, 457 U.S. 31, 37–38, 102 S.Ct. 2211, 2216, 72 L.Ed.2d 652, 658 (1982)). A motion for judgment of acquittal, on the other hand, is to be granted whenever "the evidence is insufficient to sustain a conviction" for the charged offense. Iowa R.Crim. P. 18(8)(a); *State v. Geier*, 484 N.W.2d 167, 170 (Iowa 1992). The court made it clear in *Ellis* that the contrary to the weight of the evidence standard was not the same as the sufficiency of the evidence standard, contrary to a

previous holding. *Ellis,* 578 N.W.2d at 659.

The power of the trial court is much broader in a motion for new trial than a motion for judgment of acquittal. *Id.* at 658. In applying the weight of the evidence standard "[i]f the court reaches the conclusion that the verdict is contrary to the weight of the evidence and that a miscarriage of justice may have resulted, the verdict may be set aside and a new trial granted." *Id.* at 658–59.

> ... The motion [for new trial] is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial on this ground should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict.

*Id.* at 659 (quoting 3 Charles A. Wright, *Federal Practice and Procedure* § 553, at 245–48 (2d ed.1982)).

This is not a case in which the testimony of a witness or witnesses which otherwise supports conviction is so lacking in credibility that the testimony cannot support a guilty verdict. Neither is it a case in which the evidence supporting a guilty verdict is so scanty, or the evidence opposed to a guilty verdict so compelling, that the verdict can be seen as contrary to the evidence. The evidence is this case simply does not preponderate heavily against the verdict. The trial court did not err in overruling Adney's motion for new trial on Count II, the precursor charge.

## V. DISPOSITION.

We affirm Adney's convictions under Counts II and III. We reverse the judgment and sentence of the trial court on Count I and remand for entry of a judgment of acquittal on that count.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**