# IN THE COURT OF APPEALS OF IOWA

No. 16-1748
Filed August 2, 2017

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**CARLOS ENRIQUE GARCIA CARRERA,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Woodbury County, Timothy T. Jarman, District Associate Judge.

Carlos Garcia Carrera appeals his conviction for indecent contact with a child. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Zachary C. Miller, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Carlos Garcia Carrera appeals his conviction for indecent contact with a child, in violation of Iowa Code section 709.12(1) (2015).  He claims the evidence was insufficient to convict him, or in the alternative, the weight of the evidence was contrary to the verdict.  We find the evidence was sufficient and the weight of the evidence supported the verdict.  We affirm the district court.

On April 11, 2015, Garcia Carrera's daughter, K.G., her friend, J.K., and another friend, A.N., were having a sleepover at the defendant's house.  The girls were all about eleven years old.  Garcia Carrera took the children to a park where they played and ate while he sat in his car.  Garcia Carrera got out of his car and began climbing up an enclosed slide as a joke.  J.K. slid down the same slide and collided with Garcia Carrera.  Garcia Carrera then touched J.K.'s breast and "French kissed" her cheek.  J.K. testified Garcia Carrera slowly slid his hand under her shirt and bra and "would slowly go out and then back and then out in a weird manner."  Garcia Carrera claims he accidentally came in contact with her breast while trying to remove himself from the slide.

J.K. climbed up the slide crying, and Garcia Carrera paced nervously at the bottom of the slide.  J.K. did not want to return to Garcia Carrera's house, so he took the children to his daughter's grandmother's house.  The next day J.K. told A.N. that Garcia Carrera had fondled her breast while kissing her on the cheek.  A.N. told her mother, who then informed J.K.'s parents, and the police were notified.

On April 14, Garcia Carrera went unannounced to the Sioux City Police Station to give a statement. The police were unable to take a statement until a later date. On July 12, he was charged with indecent contact with a child. Garcia Carrera pled not guilty, waiving his right to a speedy trial and jury trial. He filed a motion in limine regarding, among other issues, evidence of previous inappropriate touching of J.K. and any attempts to "groom" J.K.[1] After a hearing on the limine motions, the district court held the evidence of prior touching was admissible subject to objection.

A bench trial was held on June 9, 2016. The district court found Garcia Carrera guilty and specifically noted he "did reach inside the clothing of J.K. and intentionally fondled her breast while, very close in time, kissing her on the cheek." The district court also found "the testimony by J.K. to be both credible and compelling. The same cannot be said of the defendant's statements." Garcia Carrera now appeals, claiming the evidence was insufficient to convict, or in the alternative, the verdict was contrary to the weight of the evidence.

Claims evidence is insufficient are reviewed for correction of errors at law. *State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014) (*quoting State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012)). We consider the entirety of the record in the light most favorable to the State, and the verdict will be upheld if it is supported by substantial evidence. *See id.* Evidence is substantial if "when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt." *Id.* Claims the verdict was contrary to the

---

[1] J.K. told authorities that Garcia Carrera had often rubbed up against her when passing her and would kiss J.K. on the cheek. J.K. also testified Garcia Carrera "grabbed [her] butt under [her] shorts on top of [her] underwear, and started . . . groping [her]."

weight of the evidence are reviewed for an abuse of discretion. *See State v. Atley*, 564 N.W.2d 817, 821 (Iowa 1997). We will grant a new trial only when the verdict was "contrary to the weight of the evidence and a miscarriage of justice may have resulted." *State v. Adney*, 639 N.W.2d 246, 253 (Iowa Ct. App. 2001).

Garcia Carrera claims the evidence was not sufficient to prove he fondled J.K.'s breasts with the intent to arouse or satisfy his sexual desires. We disagree. The evidence, taken in the light most favorable to the State, supports the district court's finding. Garcia Carrera placed his hand under J.K.'s clothing, made skin-to-skin contact with her breast, and slowly ran his hand back and forth while he "French kissed" her cheek. J.K. testified it was not accidental contact as the defendant's actions were slow and deliberate and he never attempted to get up or leave the slide. J.K. also testified Garcia Carrera previously touched her inappropriately when she had visited his home. The defendant's actions immediately after the act, pacing nervously at the bottom of the slide, show remorse and recognition the act was inappropriate. This evidence could convince a trier of fact the defendant was guilty beyond a reasonable doubt. We find the evidence was sufficient.

The defendant also claims the weight of the evidence weighs so heavily against his conviction that to uphold it would be a miscarriage of justice. We again disagree. The evidence above does not indicate any miscarriage of justice. The district court noted it gave J.K.'s testimony great weight while finding the defendant's testimony not credible or compelling. New trials should be granted "only in exceptional circumstances." *State v. Ary*, 877 N.W.2d 686, 705

(Iowa 2016). We find no exceptional circumstances here, nor do we find the verdict was contrary to the weight of the evidence. Accordingly, pursuant to Iowa Court Rule 21.26(1)(a), (b), (d), and (e), we affirm.

**AFFRIMED.**