# IN THE COURT OF APPEALS OF IOWA

No. 19-1585
Filed October 7, 2020


**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RANDY LAVERNE LEE,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Monona County, Julie Schumacher,

Judge.


        Randy Lee appeals his convictions on two counts of third-degree sexual

abuse.  **AFFIRMED.**


        Timothy McCarthy II of McCarthy & Hamrock, P.C., West Des Moines, for

appellant.

        Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney

General, for appellee.


        Considered by Doyle, P.J., and Mullins and Greer, JJ.  Schumacher, J.,

takes no part.

**DOYLE, Presiding Judge.**

The State charged Randy Lee with two counts of third-degree sexual abuse. To establish Lee's guilt, the State had to prove (1) Lee performed a sex act with the complaining witness and (2) did so "[b]y force or against [her] will" *or* while she "was mentally incapacitated or physically helpless." Lee moved for judgment of acquittal based on insufficient evidence, which the court denied. The court instructed the jury that although its verdict had to be unanimous, the theory or facts on which each juror based the verdict did not. The jury returned a general verdict, finding Lee guilty on both counts of third-degree sexual abuse. Lee moved for a new trial, arguing the verdict was contrary to the weight of the evidence. The court denied the motion before entering judgment of conviction and sentencing Lee.

Lee appeals the denial of his motions for judgment of acquittal and new trial. We review the denial of a motion for judgment of acquittal challenging the sufficiency of the evidence for correction of errors at law and affirm if substantial evidence supports the verdict. *See State v. Serrato*, 787 N.W.2d 462, 465 (Iowa 2010). We review the denial of a motion for new trial alleging the verdict was contrary to the weight of the evidence for an abuse of discretion. *See id.* at 472.

Lee contends the court erred in denying judgment of acquittal or a new trial because no evidence supports a finding that one of the sex acts was done while the complaining witness was physically helpless. He relies on a line of cases in which our supreme court has held that "when there are multiple bases for guilt, one of which is erroneous, we must reverse if the jury's verdict does not indicate which basis was accepted." *State v. Lukins*, 846 N.W.2d 902, 912 (Iowa 2014). But in 2019, the Iowa legislature added a new Iowa Code section regarding general

verdicts.[1]  *See* 2019 Iowa Acts ch. 140, § 32 (codified at Iowa Code § 814.28 (2019)).  The new law allows the jury to return a general verdict when the State "relies on multiple or alternative theories to prove the commission of a public offense" so long as the evidence "is sufficient to sustain the verdict on at least one count."  Iowa Code § 814.28.  Lee does not dispute the sufficiency or weight of the evidence regarding his guilt on the other theories the jury considered.  *See State v. Adney*, 639 N.W.2d 246, 250 (Iowa Ct. App. 2001) ("When a party, in an appellate brief, fails to state, argue, or cite to authority in support of an issue, the issue may be deemed waived."); *see also* Iowa R. App. P. 6.903(2)(g)(3) (requiring the argument section to include "[a]n argument containing the appellant's contentions and the reasons for them with citations to the authorities relied on and references to the pertinent parts of the record" and stating "[f]ailure to cite authority in support of an issue may be deemed waiver of that issue").  Regardless, ample evidence supports a finding that Lee engaged in the sex acts against the complaining witness's will or while she was mentally incapacitated.  We affirm.

**AFFIRMED.**

---

[1] Iowa Code section 814.28 became effective on July 1, 2019.  This court recently held that the section does not apply retroactively to cases in which the judgment of conviction was entered against the defendant before it became effective.  *See State v. Warren*, No. 19-0267, 2020 WL 2488183, at *2-3 (Iowa Ct. App. May 13, 2020), *further rev. granted* (Iowa July 18, 2020).  Although the trial was held and the jury returned its verdict in June of 2019, the court did not enter judgment of conviction and sentence until September 2019.  The provisions of section 814.28 therefore apply.