# IN THE COURT OF APPEALS OF IOWA

No. 19-1220
Filed December 16, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**SCOTT D. SWEATT,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Marlita A. Greve (trial)

and Mark R. Fowler (jury waiver), Judges.

Scott Sweatt appeals the district court's entry of judgment. **AFFIRMED.**

Thomas M. McIntee, Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney

General, for appellee.

Considered by Bower, C.J., and Vaitheswaran and Greer, JJ.

**VAITHESWARAN, Judge.**

Scott Sweatt asked an elderly man for a ride from a casino. The man agreed, and he and Sweatt drove away. In time, Sweatt told the man, "I'm going to rob you. I want your keys, I want your wallet, I want your cell phone, and I want your car." Sweatt "had a knife sticking out of . . . his sleeve and he started coming at [the man] with [the] knife" as the man tried to exit. He said, "I'm going to kill you." The man was able to get out of the car. He sustained injuries to his hand. In a 911 call immediately after the event, the man told a dispatcher, "[S]ome guy stole my car; he pulled a knife on me and I couldn't fight him off."

The State charged Sweatt with first-degree robbery, first-degree theft, going armed with intent, assault while participating in a felony, and carrying weapons. *See* Iowa Code §§ 711.1(1), 711.2, 714.2(1), 708.8, 708.3(2), 724.4(2) (2018). Sweatt waived his right to a jury trial. Following a bench trial, the district court found him guilty of all five crimes and imposed sentence. Sweatt appealed.

## I.  *Sufficiency-of-the-Evidence Challenge*

### A.  *Robbery*

The district court articulated the elements of first-degree robbery as follows:

> 1. On or about the 29th day of November, 2018, in Scott County, Iowa, the defendant had the specific intent to commit a theft.
> 2. To carry out his intention or to assist him in escaping from the scene, with or without the stolen property, the defendant:
>    a. Committed an assault on [a man] and in committing the assault the defendant used or displayed a dangerous weapon in connection with the assault, or
>    b. threatened [the man] with, or purposely put [him] in fear of immediate serious injury, or
>    c. Threatened to immediately cause serious injury or death [to the man] while armed with a dangerous weapon.

Sweatt argues the State "failed to carry its burden of proof on the specific intent element of the offense of Robbery 1st." In his view, "a blade of 5 inches or longer was not wielded" and he "evinced no specific intent to maliciously harm and seriously injure" the man.

The district court found otherwise. After summarizing the man's testimony as well as Sweatt's statement to a detective, the court applied law to fact as follows:

> The more credible evidence proved . . . Defendant formed a specific intent to steal [the man's] car. While the specific intent may not have been formed when Defendant was first in the car, he clearly told [a detective] when he told [the man] to stop the car and go right instead of left . . . he intended to steal the car. In committing this act. Defendant assaulted [the man] causing injury to his hand and placing him in fear of his life. He admitted he displayed a knife in a threatening manner . . . .
>     Defendant argues the knife was not a dangerous weapon because it was at most only a pocketknife or a penknife and [the man] only saw two inches of the blade. Defendant also argues he did not injure [the man] with the knife. The court disagrees with both of these contentions. Defendant's description of the knife by using his hand when interviewed by [the detective] could show it was five or more inches in length, and if so, it was a dangerous weapon *per se*. *See* Iowa Code section 702.7. The court need not make this *per se* finding under the facts and circumstances of this case. Rather, the statute itself provides there are three approaches that can be used to analyze whether an instrument or device meets the statutory definition of a dangerous weapon in Iowa Code Section 702.7. The second approach is applicable here and provides: "an instrument or device which is actually used in such a manner as to indicate that the defendant intends to inflict death or serious injury upon the other, and which, when so used, is capable of inflicting death upon a human being." *Id.*
>     It is undisputed Defendant had, at the very least, a pocketknife or a penknife. It is also undisputed Defendant threatened [the man] with that knife. No injury has to occur to satisfy the elements of Robbery in the First Degree. A pocketknife or a penknife could easily inflict serious injury or death upon a person. A cut or a stab from a pocketknife or penknife that hits a blood vessel or organ could cause death. At the least, it could inflict serious injury. Defendant used the knife in that manner and told [the man] he was going to kill him. When struggling with [the man], Defendant was holding the knife and [the man] was trying to keep Defendant from killing him. These facts

prove by evidence beyond a reasonable doubt the knife was a dangerous weapon under the second prong of Iowa Code Section 702.7. These facts also prove the second element of Robbery in the First Degree under either (a), (b), or (c).

Substantial evidence supports the court's findings of fact, the determination that Sweatt had the specific intent to commit a theft, and the determination that Sweatt intended to inflict serious injury when he wielded the knife. *See State v. Hearn*, 797 N.W.2d 577, 579–80 (Iowa 2011) (setting forth standard of review); *see also State v. Keith*, No. 18-1413, 2019 WL 2375234, at *2 (Iowa Ct. App. June 5, 2019) ("[T]here is substantial evidence to support the trial court's finding that [the defendant] used the knife in a violent, stabbing, and slashing manner, demonstrating his specific intent to inflict serious injury."); *cf. State v. Ortiz*, 905 N.W.2d 174, 182–83 (Iowa 2017) (finding insufficient evidence of defendant's intent to inflict serious injury with a knife and noting that, "by acquitting [the defendant] of first-degree robbery, the jury necessarily determined the pocketknife he displayed was not a 'dangerous weapon' within the meaning of section 708.2(3)"). The district court did not err in finding Sweatt guilty of first-degree robbery.

### B.    Theft

First-degree theft requires proof that the stolen property has a value of more than $10,000. *See* Iowa Code § 714.2(1). Sweatt contends the State failed to prove the vehicle's value was more than $10,000.

The district court found the man "bought the car for approximately $27,000 in 2015"; "[i]t was a new car"; "[a]t the time it was stolen, it had almost 50,000 miles

on it"; "[i]t did not have any damage"; and "[i]t was a mid-level trim package Ford Escape SUV with fabric interior." The court further found, "When asked if he would sell it for $10,000 in November of 2018, [the man] said, 'Oh God, no.'" Again, substantial evidence supports the district court's findings. The district court did not err in finding Sweatt guilty of first-degree theft.

### C.      Remaining Crimes

Sweatt putatively challenges the sufficiency of the evidence supporting at least two of the three remaining crimes but makes no specific argument with respect to them. We agree with the State that he waived error. *See State v. Adney*, 639 N.W.2d 246, 250 (Iowa 2001).

## II.      Weight-of-the Evidence Challenge

Sweatt contends the district court's verdict is against the weight of the evidence. *See* Iowa R. Crim. P. 2.24 (2)(b)(6); *State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998). The State counters that Sweatt failed to preserve error. Anticipating this response, Sweatt argues counsel was ineffective in failing to raise a weight-of-the-evidence challenge.

We agree with the State that the issue was not preserved. For the reasons stated below, we conclude we lack authority to consider the issue under an ineffective-assistance-of-counsel rubric.[1]

---

[1] "The granting of a new trial based on the conclusion that a verdict is against the weight of the evidence is reserved for those situations in which there is reason to believe that critical evidence has been ignored in the fact-finding process." *State v. Grant*, 722 N.W.2d 645, 648–49 (Iowa 2006) (stating the district court in a bench trial "carefully reviewed" all of the evidence "in its findings of fact" and there was "no basis for concluding that any critical piece of evidence was ignored in the trial court's decision process").

### III.     *Ineffective Assistance of Counsel – Adequacy of Jury Trial Waiver*

Sweatt contends his trial attorney was ineffective in failing "to fully inform [him] of all ramifications of waiving a jury trial"; failing "to assert [his] right to examine the Judge to ensure impartiality of the trier of fact"; and failing "to ensure the Court's compliance with [Iowa Rule of Criminal Procedure] 2.17(1)," governing waiver of jury trials.  The State responds that, under recent legislation, Sweatt cannot raise his ineffective-assistance-of-counsel claim on direct appeal but must file a postconviction-relief application.

Iowa Code section 814.7 as amended in 2019 states, "An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief pursuant to chapter 822."  *See* Iowa Code § 814.7 (2019).  The supreme court concluded "the amendments [do] not apply retrospectively to appeals from judgments entered before July 1, 2019, the effective date of the statutory change."  *State v. Gordon*, 943 N.W.2d 1, 5 (Iowa 2020) (citing *State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019)).

Sweatt's bench trial was held before July 1, 2019, and the district court filed a ruling and verdict before that date.  However, the court entered judgment and sentence after July 1, 2019.  In an analogous situation, the court of appeals concluded the amendment applied and we lacked authority to consider an ineffective-assistance-of-counsel claim.  *See State v. Van Hemert*, No. 19-1273, 2020 WL 5944441, at *2–3 (Iowa Ct. App. Oct. 7, 2020) (declining to consider ineffective assistance claim where jury found the defendant guilty on April 15, 2019 but "judgment of conviction and sentence was entered on July 26, 2019" (*citing State v. Damme*, 944 N.W.2d 98, 109 (Iowa 2020))).  We find the reasoning of

*Hemert* persuasive. We conclude we lack authority to consider Sweatt's ineffective-assistance claim.

We affirm Sweatt's judgment and sentence.

**AFFIRMED.**