# IN THE COURT OF APPEALS OF IOWA

No. 19-1902
Filed July 21, 2021

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**MICHAEL TRIPLETT,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, William P. Kelly, Judge.


The defendant challenges the sufficiency of the evidence to support his conviction. **AFFIRMED.**


Jesse A. Macro Jr. of Macro & Kozlowski, LLP, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.


Considered by Mullins, P.J., Schumacher, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**POTTERFIELD, Senior Judge.**

Michael Triplett was charged with having dominion or control of a firearm as a convicted felon.  *See* Iowa Code § 724.26(1) (2018).  At his September 2019 trial, the jury was instructed it could find Triplett guilty if the State proved the following:

> 1. On or about September 30, 2018, [Triplett] knowingly, or someone he aided or abetted knowingly, had under his dominion and control, a firearm.
> 2. [Triplett] or someone he aided and abetted was previously convicted of a felony.

In a general verdict, the jury found Triplett guilty.

On appeal, Triplett challenges the sufficiency of the evidence supporting his conviction.  But Triplett only challenges the sufficiency of the evidence proving he had a firearm in his dominion or control; he does not challenge whether there was substantial evidence he aided and abetted a felon in possessing a firearm.  Effective July 1, 2019,

> [w]hen the prosecution relies on multiple or alternative theories to prove the commission of a public offense, a jury may return a general verdict.  If the jury returns a general verdict, *an appellate court shall not set aside or reverse such a verdict on the basis of a defective or insufficient theory if one or more of the theories presented and described in the* complaint, information, indictment, or *jury instruction is sufficient to sustain the verdict on at least one count.*

Iowa Code § 814.28 (Supp. 2019) (emphasis added).  In other words, we are required to affirm if at least one of the alternatives presented to the jury is supported by substantial evidence.[1]  *See id.*; *see also State v. Klawonn*, 609

---

[1] Section 814.28 applies to Triplett's case; his entire trial took place after the law went into effect, and judgment was not entered against him until November 2019. *See State v. Greening*, No. 19-1822, 2021 WL 2708940, at *2 n.3 (Iowa Ct. App. June 30, 2021); *State v. Lee*, No. 19-1585, 2020 WL 5944453, at *1 n.1 (Iowa Ct.

N.W.2d 515, 522 (Iowa 2000) (providing that the legislature's use of "shall" in a statute "create[s] a mandatory duty, not discretion"). And Triplett does not challenge whether substantial evidence supports the "aiding and abetting" alternative, so he waived that argument.[2] *See State v. Adney*, 639 N.W.2d 246, 250 (Iowa Ct. App. 2001) ("When a party, in an appellate brief, fails to state, argue, or cite to authority in support of an issue, the issue may be deemed waived."). Failure to challenge one of the alternatives is tantamount to conceding substantial evidence supports that theory. *See Hyler v. Garner*, 548 N.W.2d 864, 870 (Iowa 1996) ("[O]ur review is confined to those propositions relied upon by the appellant for reversal on appeal."); *cf. In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (concluding the court need not consider the undisputed grounds and affirming on those, where the parent's rights were terminated on multiple grounds or theories and the court can affirm if substantial evidence supports any one ground).

We could proceed to consider Triplett's challenge to the sufficiency of the evidence under the theory he was the principal actor. *See Lee*, 2020 WL 5944453, at *1 (noting the defendant failed to "dispute the sufficiency . . . of the evidence regarding his guilt on the other theories the jury considered," but ultimately

---

App. Oct. 7, 2020) (using the date judgment and sentence was entered against the defendant to determine whether section 814.28 applied to their case); *see also State v. Damme*, 944 N.W.2d 98, 103 n.1 (Iowa 2020) (considering the applicability of other 2019 amendments to the Iowa Code and concluding "[t]he determinative date is the date of the judgment of sentence that is appealed").

[2] In fact, Triplett cannot challenge the sufficiency of the evidence supporting the "aiding and abetting" alternative on appeal because he did not raise the issue in his motion for judgment of acquittal before the district court. *See State v. Truesdell*, 679 N.W.2d 611, 615 (Iowa 2004) ("To preserve error on a claim of insufficient evidence for appeal review in a criminal case, the defendant must make a motion for judgment of acquittal that identifies the specific grounds raised on appeal.").

considering and affirming after concluding "ample evidence support[ed]" the theory specifically challenged by the defendant). But the effort would be futile. Even if Triplett is meritorious by convincing us there is insufficient evidence to prove he was the principal actor, we would still be required to affirm his conviction under the other, unchallenged theory on which the jury was instructed. *See* Iowa Code § 814.28.

Therefore, without further consideration, we affirm Triplett's conviction.

**AFFIRMED.**