# IN THE COURT OF APPEALS OF IOWA

No. 19-1334
Filed December 15, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JAMES OBBIE HALL,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Linn County, Angie M. Johnston, District Associate Judge.

    James Hall appeals from his convictions for carrying or transporting a pistol or revolver in a vehicle, possession of a controlled substance, and possession of drug paraphernalia. **AFFIRMED.**

    John J. Bishop, Cedar Rapids, for appellant.

    Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

    Considered by Tabor, P.J., Greer, J., and Gamble, S.J.*

    *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**GAMBLE, Senior Judge.**

James Hall appeals from his convictions for carrying or transporting a pistol or revolver in a vehicle, possession of a controlled substance, and possession of drug paraphernalia. He claims he received ineffective assistance of counsel and the district court erred in denying his motion for judgment of acquittal[1] because his conviction for carrying or transporting a pistol or revolver in a vehicle was not supported by sufficient evidence. We affirm.

With respect to Hall's ineffective-assistance claim, we cannot decide it on direct appeal because Iowa Code section 814.7 (Supp. 2019) requires ineffective-assistance claims be resolved through postconviction-relief proceedings.[2] *See State v. Treptow*, 960 N.W.2d 98, 103 (Iowa 2021). So if Hall wishes to bring an ineffective-assistance claim, he should do so in a postconviction-relief action.

We turn to Hall's challenge to the denial of his motion for judgment of acquittal claiming there was insufficient evidence to support his conviction for carrying or transporting a pistol or revolver in a vehicle. "The principles governing our review of a district court's denial of a criminal defendant's motion for judgment of acquittal are well-established." *State v. Serrato*, 787 N.W.2d 462, 465 (Iowa

---

[1] Technically, Hall moved for directed verdict at trial, though he now refers to moving for judgment of acquittal in his appellate briefing. We treat Hall's claim as a motion for judgment of acquittal. *See State v. Adney*, 639 N.W.2d 246, 249 n.2 (Iowa Ct. App. 2001) ("For purposes of this appeal we will treat Adney's motion for directed verdict as a motion for judgment of acquittal."); *see also State v. Deets*, 195 N.W.2d 118, 123 (Iowa 1972) (holding that grant of a motion for directed verdict is tantamount to a judgment of acquittal in a criminal action), *overruled on other grounds by State v. Walker*, 574 N.W.2d 280, 283 (Iowa 1998).

[2] Section 814.7 applies to cases where judgment was entered on or after July 1, 2019. *See State v. Damme*, 944 N.W.2d 98, 104 n.1 (Iowa 2020). Here, judgment was entered on July 17, 2019. So section 814.7 applies to this case.

2010). "A motion for judgment of acquittal is a means of challenging the sufficiency of the evidence, and we review such claims for correction of errors at law." *Id.* Guilty verdicts must be supported by substantial evidence, which is "that upon which a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *Id.* (citation omitted). And, though we consider all evidence, we view it in the light most favorable to the State. *Id.*

A jury found Hall guilty of carrying or transporting a pistol or revolver in a vehicle in violation of section 724.4(1).[3] Section 724.4(1) provides, "[A] person who . . . , within the limits of any city, goes armed with a pistol or revolver, . . . whether concealed or not, or who knowingly carries or transports in a vehicle a pistol or revolver, commits an aggravated misdemeanor." The marshalling instruction provided to the jury stated:

> The State must prove both of the following elements of [c]arrying a [p]istol/[r]evolver in a [v]ehicle:
> 1. On or about April 16, 2019 the [d]efendant knowingly carried or transported a pistol or revolver in a vehicle.
> 2. The pistol or revolver was:
> a. loaded; or
> b. unloaded and not inside a closed and fastened container which is too large to be concealed on the person; or
> c. unloaded and not inside a closed and fastened container which is too large to be concealed on the person where the pistol or revolver will not be readily accessible to any person riding in the vehicle.

At trial, Hall objected to this instruction and wanted an additional element added that would require the State to establish, "the defendant had the authority or right

---

[3] Effective July 1, 2021, the legislature amended section 724.4 by eliminating the crime of carrying weapons, which included carrying or transporting a pistol or revolver in a vehicle, and replacing it with the crime of use of a dangerous weapon in the commission of a crime. *See* 2021 Iowa Acts ch. 35, § 9.

to maintain control over the pistol or revolver."[4] But he does not raise any challenge to the instruction on appeal. So we consider the instruction as provided when determining whether Hall's conviction is supported by substantial evidence. *See State v. Thomas*, No. 19-0379, 2020 WL 5651563, at *3 (Iowa Ct. App. Sept. 23, 2020).

This court has previously reviewed the same marshalling instruction and determined to satisfy the "carried or transported" portion of the first element, the State must establish "foundational proof [the defendant] actually or constructively possessed the gun." *State v. Thompson*, No. 12-2314, 2013 WL 6686624, at *2–3 (Iowa Ct. App. Dec. 18, 2013). And Hall argues the State failed to establish foundational proof he actually or constructively possessed the gun at issue. Actual possession requires proof the defendant physically possessed the gun at some point in time. *State v. Reed*, 875 N.W.2d 693, 705 n.5 (Iowa 2016). "Constructive possession exists when the evidence shows the defendant 'has knowledge of the presence of the [gun] and has the authority or right to maintain control of it.'" *Id.* at 705 (citation omitted).

We turn to the facts of this case to determine whether, viewing the evidence in the light most favorable to the State, a factfinder could conclude Hall actually or constructively possessed the gun. Just after midnight on April 16, 2019, Linn County Deputy Sheriff Heath Omar initiated a traffic stop after observing a vehicle speeding. Deputy Omar observed two men in the front seat and a woman and three children in the back. The occupants provided Deputy Omar with a rental

---

[4] However, the marshalling instruction in Hall's written proposed instructions mirrored the instruction presented to the jury.

agreement from Avis rental car. Deputy Omar asked the male passenger sitting in the front passenger seat, later identified as Hall, for identification and shined his flashlight toward Hall as Hall reached for his identification. At that time Deputy Omar observed a gun in the vehicle. It was located on the passenger door handle—"it was sitting right where you grab the door handle to exit the vehicle. It[ was] right where the lever is." The gun was readily accessible to Hall.

The State points out "[a]ctual possession may be shown by direct or circumstantial evidence" and argues we can conclude Hall actually possessed the gun "at one time" because he would have had to pick up the gun to open the door to exit the vehicle. *See State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014) (alteration in original) (citation omitted). We tend to agree with the State. The gun was chest high to Hall as he sat in the passenger seat. It was directly next to him in the passenger door handle, several inches below the window and inches away from Hall as he sat in the passenger seat. Hall would not be able to access the door lever to exit the vehicle without grabbing the gun. Hall was sitting right next to the gun when the police stopped the vehicle and observed the gun in the passenger door handle. Under the circumstances, a jury could rationally infer Hall physically possessed the gun at some point in time. *Cf. Thompson*, 2013 WL 6686624, at *4 ("The State did not offer any evidence Thompson had direct physical control over the handgun. He was not in the truck when the police found the gun in the passenger side door.").

We acknowledge the gun was not found on Hall's person when the vehicle was stopped. *See Reed*, 875 N.W.2d at 705 n.5 ("Actual possession requires proof of a defendant's physical possession of the drugs or firearms at some point

in time."). But even if Hall did not have actual possession of the gun at some point in time, we conclude there is sufficient evidence that Hall constructively possessed the gun. When contraband is found in a vehicle occupied by multiple people, we consider five factors when determining whether the defendant had constructive possession over the contraband. *State v. Cashen*, 666 N.W.2d 566, 572 (Iowa 2003). Those five factors are:

> (1) was the contraband in plain view, (2) was it with defendant's personal effects, (3) was it found on the same side of the car seat as the defendant or immediately next to him, (4) was the defendant the owner of the vehicle, and (5) was there suspicious activity by the defendant.

*Id.* (citation omitted). In this instance, the State concedes the only factors supporting a finding of constructive possession are the first (plain view) and the third (immediately next to him). But even if some of these facts are present, we are still required to determine whether all the facts and circumstances, including those not listed above, allow a reasonable inference Hall knew of the presence of the gun and had dominion and control of it. *See id.*

Hall attempts to challenge whether the gun was in plain view because it was dark out and Deputy Omar did not see the gun until his flashlight beam landed on it. This argument is not persuasive. By Hall's reasoning, anytime illumination assists in observing contraband not otherwise concealed or obscured, it could not be considered in plain view. That is illogical. Whether an object in a vehicle at night is illuminated by a dome light, a street light, or a flashlight, it is there to be seen if it is not concealed. By analogy, under the law of search and seizure, contraband that is illuminated by an officer's flashlight is in "plain view." *See State v. Donnell*, 239 N.W.2d 575, 577 (Iowa 1976) ("The 'plain view' doctrine is

applicable even though the contents of the vehicle may not have been visible without the use of a flashlight or other artificial illumination."). The question is whether a reasonable person would have observed the contraband. *See State v. McMullen*, 940 N.W.2d 456, 462 (Iowa Ct. App. 2019) ("Yet a reasonable person would have observed the open, exposed cup in the console containing marijuana."). A reasonable person would have observed an open and exposed gun in the passenger door handle regardless of illumination.

Moreover, not only was the gun in plain view, it was in a prominent place in the vehicle—right where Hall would have to reach to open the vehicle door. We recognize that "[s]imply because a person can reach out and grasp something does not mean he or she has control or dominion over the object. A defendant's mere proximity to contraband is insufficient to support a finding of constructive possession." *See Cashen*, 666 N.W.2d at 572. But the evidence establishes more than Hall's mere proximity to the gun. Hall literally could not exit the vehicle without physically moving the gun out of the door handle. Deputy Omar testified, the gun was "very visible, it's very accessible and it was—right where you grab the door handle to exit the vehicle. It's right where the lever is." In order for Hall to exit the vehicle, "he was going to be grabbing the gun." The police found the gun on the same side of the vehicle as Hall and immediately next to him as he was sitting in the passenger seat. Under the circumstances, a jury could reasonably infer Hall constructively possessed the gun because he had knowledge of the presence of the gun in the door handle and had the authority or right to maintain control of it in order to exit the vehicle.

Based on all the facts and circumstances, including the fact the gun was in plain view in the passenger door handle and the fact Hall could not exit the vehicle without picking up the gun, exercising dominion and control over the gun, we conclude there is sufficient evidence that he constructively possessed the gun.

So we conclude there was substantial evidence supporting Hall's conviction for carrying or transporting a pistol or revolver in a vehicle and the district court did not err in denying the motion for judgment of acquittal.

**AFFIRMED.**