# IN THE COURT OF APPEALS OF IOWA

No. 20-0918
Filed March 30, 2022

**ANTHONY QUINN,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Robert B. Hanson,

Judge.

        An unsuccessful applicant for postconviction relief appeals the summary

disposition of his claims as time-barred under Iowa Code section 822.3 (2019).

**AFFIRMED.**

        Alexander Smith of Parrish Kruidenier Dunn Gentry Brown Bergmann &

Messamer L.L.P., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney

General, for appellee State.

        Considered by Bower, C.J., and Greer and Badding, JJ.

**BADDING, Judge.**

After a jury-waived trial in late 2005, the district court convicted Anthony Quinn of five counts of sexual abuse in the third degree, a class "C" felony, for sex acts he performed with a twelve-year-old girl. Because he had been convicted of sexually predatory offenses twice before, Quinn was subject to the enhanced sentencing provisions of Iowa Code section 901A.2(3) (2005). He was ultimately sentenced to a total term of incarceration not to exceed fifty years. Quinn appealed his conviction, but the supreme court dismissed the appeal as frivolous; procedendo issued in December 2007.[1]

About twelve years after his direct appeal from his conviction, Quinn filed this postconviction-relief action, seeking a new trial based in part on newly discovered evidence—specifically, phone records alleged to "undermine the false testimony given by the State's witnesses." In his application, Quinn asserted that those records would show certain "phone calls that the State's witnesses testified . . . had occurred, did in fact, not occur."

In January 2020, the State filed a motion for summary disposition, citing the three-year statute of limitations in Iowa Code section 822.3 (2019). The motion stated: "Because [Quinn's] direct appeal was concluded on December 20, 2007, his failure to file an application for postconviction relief on or before December 20,

---

[1] Quinn's sentence was corrected twice—once in 2013 on the State's motion to add a mandatory term of parole or work release not to exceed two years, and once in 2019 on Quinn's motion to remove the lifetime special sentence under Iowa Code section 903B.1. This court affirmed the first correction of Quinn's sentence in *State v. Quinn*, No. 13-1468, 2014 WL 3748297, at *1 (Iowa Ct. App. July 30, 2013). And Quinn voluntarily dismissed his appeal of the second correction of his sentence.

2010, presents a jurisdictional bar to disposition of this case on its merits." In support of the motion, the State submitted Quinn's answers to an interrogatory asking him to identify the source of the newly discovered evidence, the date he learned of the evidence, and the reason he didn't present the evidence sooner. He answered:

> 1. Source of information: There were inconsistencies in the testimony between the victim and her mother regarding when telephone calls were made. Those telephone records were never subpoenaed by my trial attorney. It came to my attention some time later when I was going over the transcripts after my conviction and I realized the testimony was inconsistent.
> 2. Another inmate told me it was important about a year ago. Not exactly sure but it was approximately January 2019 when I was made aware.
> 3. The reason I didn't present this at an earlier date was because I did not have any knowledge of its importance.

In granting summary disposition, the district court rejected Quinn's claim that the phone records could not have been raised within the limitations period, finding he either knew or should have known those records existed when the child and her mother testified about the calls at trial. And even if Quinn was unaware of the importance of the phone records at trial, the court suggested he could have figured that out with due diligence within the limitations period. For those reasons, the court determined Quinn's newly-discovered-evidence claim was time-barred and dismissed his application.

Quinn now appeals, focusing on his newly-discovered-evidence claim and raising a new claim about the constitutionality of the statute of limitations in section 822.3.[2]

---

[2] Although Quinn tangentially raised ineffective-assistance-of-counsel claims in his postconviction-relief application, he does not pursue those claims on appeal. We

We review summary dispositions of postconviction-relief applications for correction of errors at law. *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019). But to the extent that Quinn raises a constitutional claim as a basis for relief, our review is de novo. *See id.* In deciding whether summary disposition is proper, we ask whether the State would prevail on a motion for summary judgment. *Schmidt v. State*, 909 N.W.2d 778, 784 (Iowa 2018). The State, as the moving party, bears the burden of showing that no genuine issue of material fact exists. *Id.*; *see also* Iowa Code § 822.6. We view the evidence in the light most favorable to Quinn and draw every legitimate inference in his favor. *See Schmidt*, 909 N.W.2d at 784.

### I. Newly Discovered Evidence

Iowa Code section 822.3 requires that applications for postconviction relief "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Because Quinn filed his application well outside the three-year statute of limitations, he relies on an exception to the rule, which provides that "this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3.

A claim of newly discovered evidence, like Quinn has raised here, could implicate the ground-of-fact exception to section 822.3's time bar. *See Whitsel v. State*, 525 N.W.2d 860, 863 (Iowa 1994). But first, Quinn must show the alleged ground of fact could not have been raised earlier. *See Harrington v. State*, 659

---

accordingly conclude those claims are waived on appeal. *See State v. Adney*, 639 N.W.2d 246, 250 (Iowa Ct. App. 2001) (stating the failure to state or argue an issue in an appellate brief may be deemed waiver of the issue); *accord* Iowa R. App. P. 6.903(2)(g)(3).

N.W.2d 509, 520 (Iowa 2003); *see also Wilkins v. State*, 522 N.W.2d 822, 824 (Iowa 1994) (stating that, in essence, this exception allows the court to consider "untimely filed applications if they are based on claims that 'could not' have been previously raised because they were unavailable"). We agree with the district court that Quinn cannot get past this first hurdle.

The child and her mother testified at Quinn's bench trial about phone calls the child made to her mother the night and morning of the abuse. When Quinn's trial counsel cross-examined the mother, he asked whether "anyone ever attempted to get [her] call phone records" by subpoenaing them or asking her for them. She said no. In trial counsel's written closing arguments to the court, he asserted the State did not meet its burden of proof because

> the State failed to obtain cell phone records to corroborate the testimony of [its witnesses] of the phone communications testified to at trial. . . . If these calls occurred, there would have been available records. None were produced and the State must shoulder the consequences of the absence of proof.

Even viewing the record in the light most favorable to Quinn, we find no genuine issue of material fact as to whether he could have known about the phone records before the statute of limitations expired. *See Moon v. State*, 911 N.W.2d 137, 143 (Iowa 2018). As Quinn acknowledged in his interrogatory answers, he had access to the trial transcript after his conviction and was able to pinpoint the alleged inconsistency between the statements made by the State's two key witnesses. Yet he admitted doing nothing for the sole reason that "[he] did not have any knowledge of its importance." That reason is insufficient to meet the ground-of-fact exception to the statute of limitations. *See State v. Edman*, 444 N.W.2d 103, 106 (Iowa Ct. App. 1989) ("Suffice it to say that his claimed lack of

knowledge is not provided as a ground for exception from the effects of the statute of limitations."). Thus, the district court was correct in determining the exception in section 822.3 did not apply to Quinn's newly-discovered-evidence claim.

## II. Constitutionality of Section 822.3

More broadly, Quinn argues the statute of limitations in section 822.3 is unconstitutional because it "is not a reasonable restriction on the right of habeas corpus in accordance with the Iowa Constitution." To that end, he contends the leading case on this issue, *Davis v. State*, 443 N.W.2d 707 (Iowa 1989), should be overturned. While he admits that he failed to preserve error on this claim, he insists "there is no need to preserve error by arguing that existing law should be overturned before a court without the authority to do so."

Without deciding whether Quinn can bring this claim for the first time on appeal, we reiterate, as this court has done in other cases, that "[w]e are not at liberty to overturn [*Davis*] or any precedent from the Iowa Supreme Court." *See Johnston v. State*, No. 15-1461, 2016 WL 3281044, at *1 (Iowa Ct. App. June 15, 2016) (citation omitted); *see also Johnson v. State*, No. 19-1929, 2021 WL 210700, at *13 (Iowa Ct. App. Jan. 21, 2021) ("[O]ur courts have refused to hold section 822.3 unconstitutional."); *Rankins v. State*, No. 15-1423, 2016 WL 7403712, at *3 (Iowa Ct. App. Dec. 21, 2016) ("The *Davis* case is dispositive of Rankins's claim of the unconstitutionality of Iowa Code section 822.3.").

Finding no grounds for reversal, we affirm the district court's summary disposition of Quinn's postconviction-relief application.

**AFFIRMED.**