# IN THE COURT OF APPEALS OF IOWA

No. 24-0817
Filed July 23, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**OLEN JAMES BROWN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Wapello County, Kirk Daily, Judge.


        Olen Brown appeals his convictions for assault on a peace officer causing bodily injury and interference with official acts causing bodily injury.  **AFFIRMED.**


        Ryan J. Mitchell of Orsborn, Mitchell & Goedken, P.C., Ottumwa, for appellant.

        Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.


        Considered without oral argument by Greer, P.J., Langholz, J., and Bower, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**BOWER, Senior Judge.**

Olen Brown appeals his convictions for assault on a peace officer causing bodily injury and interference with official acts causing bodily injury, challenging the sufficiency of the evidence supporting his convictions and claiming he was deprived of a fair and impartial jury. We affirm, finding substantial evidence supports his verdicts and his juror challenge was not preserved.

## I.  Background Facts and Proceedings

On November 12, 2023, Brown went to the Ottumwa police station to report his brother missing. He approached Sergeant Devin Yeager as he exited his marked police vehicle in the station's parking lot. Yeager explained Brown's brother was safe and then told Brown he had a warrant and Yeager was detaining him. Yeager had seen Brown's name on the list of people with current arrest warrants and on a police station display of active arrest warrants with photos. Yeager radioed Brown's information through the dispatch center to verify the warrant.

Brown told Yeager he did not have a warrant and started to walk away. Yeager told him to stop as he was not free to leave. When Brown backed away, Yeager grabbed Brown's arm, which Brown pulled away, then grabbed Brown's shirt or jacket. Brown responded by punching Yeager just under his left eye. Yeager backed away, drew his taser, and told Brown he was under arrest. Brown was not compliant with commands to get on the ground, so Yeager tased him.

A surveillance camera captured video of the altercation. Brown can be seen approaching Yeager's vehicle and speaking with him about something. Brown starts to walk away, with Yeager following. Brown continues to back away with

Yeager in pursuit. Yeager can be seen trying to grab Brown's shirt, Brown hitting Yeager's arm and swinging at his face.

As a result of Brown's punch, Yeager's left eye swelled, and he "had zero vision out of [that] eye." Photos taken shortly after the altercation show Yeager's swollen eye with significant bruising along the bottom and a red mark on his cheek below the bruising.

After Brown's arrest, Yeager discovered Brown was correct: the warrant for his arrest had been recalled a few days earlier. According to Yeager, after the incident he received letters sent by Brown apologizing for punching him in the face.

At the conclusion of the evidence but before submission to the jury, Brown moved for a directed verdict dismissing all charges; the court denied the motion, finding a jury question existed on each charge. The jury found Brown guilty of assault on a peace officer causing bodily injury and interference with official acts resulting in bodily injury. The jury found him not guilty of an additional charge of possession of marijuana. Brown appeals.

## II.    Analysis

First, Brown challenges the sufficiency of the evidence, arguing the district court should have dismissed his case. Brown also claims a juror should have been removed during voir dire, depriving him of a fair and impartial jury.

**A.    Sufficiency of Evidence.**    Brown challenges the sufficiency of evidence to support his convictions.[1]   We review challenges to the sufficiency of

---

[1] Although trial counsel asked the court to dismiss the charges—and appellate counsel follows suit calling it a motion to dismiss—the trial court termed it a motion for directed verdict, which we treat it as a motion for judgment of acquittal, rather than the procedurally distinct motion to dismiss. *See* Iowa Rs. Crim.

evidence for correction of errors at law. *State v. Cook*, 996 N.W.2d 703, 708 (Iowa 2023). We uphold the jury's verdict if it is supported by substantial evidence when viewed in the light most favorable to the State. *Id.*

Brown argues he was not under arrest at the time, there was no valid arrest warrant against him, he "defended himself from the miscarriage of justice," and he "did not cause a bodily injury or mental illness to Sergeant Yeager." These broad statements are not further explained or addressed beyond terming the proof "severely lacking."

With the assault charge, State had to prove Brown committed an assault on Yeager, Yeager was a peace officer, and Brown's action caused bodily injury to Yeager. Yeager testified Brown struck him, corroborated by the surveillance video; Brown makes no argument this did not constitute an assault. It was not contested Yeager was a peace officer at the time. Further, Yeager testified his eye hurt and provided photos of his swollen, bruised eye following the assault—this falls within the definition of bodily injury provided to the jury: "physical pain, illness or any impairment of physical condition." Substantial evidence supports the conviction of Brown for assault on a peace officer causing bodily injury.

For interference with official acts, the State had to prove Brown knew Yeager was a peace officer, knew Yeager was performing within the scope of his duties, resisted or obstructed those duties, and inflicted a bodily injury on Yeager. Brown approached Yeager—who was in uniform—as he exited his marked police

---

P. 2.11(8), 2.19(7); *State v. Adney*, 639 N.W.2d 246, 249 n.2 (Iowa Ct. App. 2001). Regardless, after a trial and verdict we can review "any challenge to the sufficiency of the evidence raised on direct appeal." *State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022).

vehicle, proving he knew Yeager was a peace officer.  And Yeager was acting within the scope of his duties to check on Brown's warrant status.  When Yeager told him he was being detained on a warrant, Brown said "no" and started walking away while Yeager radioed dispatch.  While Brown knew his warrant status had cleared, he resisted compliance with the warrant check, including backing away and striking Yeager when Yeager tried to prevent his departure.  The strike resulted in bodily injury to Yeager by causing pain and resulting in a bruised and swollen eye.  Substantial evidence supports the jury's verdict on the interference with official acts resulting in bodily injury.

**B.     Fair and Impartial Jury.**  Next, Brown argues a juror should have been struck for cause during voir dire.  The source of his claim was the following exchange between the prospective juror and his counsel:

> JUROR: I kind of believe you're guilty and you have to prove your innocence.
> COUNSEL: That's not true.  You know that, don't you?  I don't have to prove Mr. Brown innocent.  The State has to prove him guilty.
> JUROR: I do know that's true.
> COUNSEL: But you think it's the other way?
> JUROR: Uh-huh.

Counsel did not ask the court to strike for cause at that time, and later "pass[ed] the jury for cause."

Brown asserts error was preserved on this issue by filing his notice of appeal.  This is not sufficient.  Our appellate rules specifically provide "Filing a notice of appeal does not preserve an issue for appeal."  Iowa R. App. P. 6.903(2)(a)(8)(1).   The statement must address "how the issue was preserved . . . with references to the places in the record where the issue was raised and decided in the district court."  *Id.*  "[I]ssues must ordinarily be both raised

and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

Brown never requested the juror in question be struck before this appeal—not for cause or through peremptory strikes. Even Brown admits, "At no point did any party, including the court, dismiss or strike the . . . juror." And he provides no reason why no request to strike was made. "[O]ur regular error preservation rules . . . require parties to alert the district court 'to an issue at a time when corrective action can be taken.'" *State v. Krogmann*, 804 N.W.2d 518, 524 (Iowa 2011) (citation omitted). "Even issues implicating constitutional rights must be presented to and ruled upon by the district court in order to preserve error for appeal." *Taft v. Iowa Dist. Ct.*, 828 N.W.2d 309, 322 (Iowa 2013). Defense counsel must challenge a juror for cause which must be denied to preserve error on appeal under Iowa Rule of Criminal Procedure 2.18(5) and (11). Brown failed to do so, and error was not preserved for our appellate review.

Finding substantial evidence supports the jury's verdicts and Brown did not preserve error on his juror challenge, we affirm.

**AFFIRMED.**